Ronald Ball Jr. 12322
Ron Ball P.C.
1750 Canyon Rd.
Lake Point, UT 84074
801-644-8761
ron@balllegal.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADAM CLOWARD, an individual, | **MOTION FOR LEAVE OF THE COURT** |
| Plaintiff, | **TO WITHDRAW** |
| v. | |
| AYMEE RACE, JOLAYNE (JODIE) SAMPSON, D. THORNTON, individually and in their official capacities as Unified Police Department employees; ROBERT NAYLOR, individually and in his official capacity as a Salt Lake County Animal Services employee; UNIFIED POLICE DEPARTMENT and SALT LAKE COUNTY, political subdivisions of the state of Utah; and DOES 1-20, whose identities are currently unknown, | Case No. 2:20cv00165 |
| | Judge Robert Shelby |
| Defendants. | |

Comes Now, Attorney Ronald Ball Jr. Utah Bar # 12322 pursuant to the DUCivR 83-1.4, Utah Rules of Civil Procedure Rule 74, and Utah Code of Judicial Administration Rule 13-1.16 Submits this Motion for Leave of the Court to Withdraw. .

1. Plaintiff's counsel seeks leave of the court to withdraw from this matter based on the following grounds.

    a. Utah Code of Judicial Administration 13-1.16(a)(4) states;

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(b) (a)(1) the representation will result in violation of the rules of professional conduct or other law;

b.  Utah Code of Judicial Administration 13-1.16(b)(4) states;

(a) (b)(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

c.  Utah Code of Judicial Administration 13-1.16(b)(5) states;

(a) (b)(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

d.  Without prejudicing Plaintiff, Counsel states that continued representation would force a violation of these rules. Counsel has sought advise from the Utah Bar OPC watch advised counsel to withdraw.

e.  Counsel will supply a sampling of "minor" issues that counsel and plaintiff have been unable to resolve. (Issues that could potentially negatively impact Plaintiff's case will not be listed.

(a) Counsel filed a deficient limited appearance of counsel via the Courts ECF system. The court advised counsel to correct the filing.

i.   Counsel has unsuccessfully attempted to "**Negotiate**" a finalization of the Limited Representation for over two (2 ) months. The last month with a threat of withdrawal pending over Plaintiff.

ii.  Client and attorney cannot agree on many aspects of his legal representation, most notably the level of participation of Plaintiff in prosecution of his case. Examples:

a.  The number of hours a week that Plaintiff demands in phone calls to Counsel. Plaintiff has slowly increased his needed time on the phone from simple standard "atty/Client" call a week (30 min), to complaining that four+ (4+) hours a week going over cases is not sufficient.

    b.  Client repeatedly threatens a Bar complaint on weeks that my schedule will not allow 2-5 hours on the phone with him on a weekly basis.

    c.  Plaintiff spends his time researching Common Law, and case law from the 1700's and 1800's from all over the country. He then demands that I look up each case, review it with him, and argue why a NY case from 1888 with a red flag is not usable in his case.

    d.  Reading, re-reading every drafted pleading, and Plaintiff demanding that he participate in every word approval. Having his approve a draft on his own is not an option, It has to be read out loud and every line debated.

    e.  Plaintiff demanded pleadings, and filings that Counsel does not agree should be filed.

    f.  Counsel has made every effort to satisfy the demands of Plaintiff. All efforts have been successful.

2.  There are Four motions Pending;

    a.  COUNSEL FILED Motion to Amend Scheduling Order filed on February 11, 2022 By counsel at the request of Plaintiff. (Response filed by Defense on 02/25/2022)

    b.  PRO SE MOTION for Hearing Regarding Discovery and an Extension of Time Related to Scheduling Order on February 11, 2022, filed by Plaintiff Adam Cloward. (Response filed by Defense on 02/25/2022)

    c.  PRO SE MOTION to Amend Complaint and Amend Damages Demand filed on February 11, 2022, filed by Plaintiff Adam Cloward, (Response filed by Defense on 02/25/2022)

    d.  PRO SE MOTION to Seal False and Stigmatizing Document Attorney Filed on February 11, 2022, Filed on February 11, 2022 by Plaintiff Adam Cloward (Response filed by Defense on 02/25/2022)

3.  Defendants in their response to the pending motions submitted this statement;

**ARGUMENT** Under Fed. R. Civ. P. 16(b)(4), "A schedule may be modified only for good cause and with the judge's consent." Defendants oppose an unlimited stay of the case or a long extension of deadlines; however, they believe a limited extension, or dismissal without prejudice under Fed. R. Civ. P. 41(b), is warranted. (Defense Response to Plaintiff's motion   in opposition Document #77 docket, pg.3 Argument)

**Concluding with;**

**CONCLUSION** For the reasons set forth above, the Court should not stay this lawsuit for an extended period, or extend fact discovery indefinitely. To the contrary, dismissal without prejudice or, in the alternative, a 90-day extension of fact discovery, is warranted. (Defense Response to Plaintiff's motion  in opposition Document #77 docket, pg.4 Conclusion)

4.  Plaintiffs last know contact information;

    a.  Mr. Cloward's last known address was;

        8332 West Aleen Ave.

        Magna, UT 844044

        406-561-2671

    b.  Counsel has received messages from Mr. Cloward via two (2) email addresses:

        i.   Mylegalcontention1@protomail.com

        ii.  Mylegalcontention2@protomail.com

5.  Withdrawal does not disadvantage Plaintiff as delay is the desire of Plaintiff and the nature of one of the pending motions.

Dated February 25, 2022

/S/ Ron Ball Jr.
Ronald Ball
Attorney for Plaintiff

## THE FOLLOWING NOTICES ARE PROVIDED WITH THE MOTION

1. **Pursuant to DUCivR 83-1.4,** Should the Court grant the Motion to Withdraw and no substitution of counsel has been filed, the client must file notice of appearance within 21 days after entry of the order, unless otherwise ordered by the court.

2. **Pursuant to DUCivR 83-1.3,** no corporation, limited liability company, or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court, and

3. **Pursuant to Fed. R. Civ. P. 16(f)(1),** An unrepresented party who fails to appear within 21 days after entry of the order, or within the time otherwise required by the court, may be subject to sanction pursuant to Fed. R. Civ. P. 16(f)(1), including but not limited to dismissal or default judgment.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 25, 2022, a true and correct copy of the

forgoing **PLAINTIFF'S COUNSEL'S MOTION FOR LEAVE OF THE COURT TO WITHDRAW** was

served via The court ECF System. Plaintiff was served via E-Mail to last known email address.

**Melinda K. Bowen**
SNOW CHRISTENSEN & MARTINEAU
10 EXCHANGE PLACE 11TH FL
PO BOX 45000
SALT LAKE CITY, UT 84145-5000
(801)521-9000
Email: mbowen@slco.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William G. Garbina**
**S**ALT LAKE COUNTY DISTRICT
      ATTORNEY'S OFFICE
35 E 500 S
SALT LAKE CITY, UT 84111
385-468-7819
Fax: 385-468-7800
Email: wgarbina@slco.org

Adam Cloward
Plaintiff
Mylegalcontention2@protomail.com

Dated February 25, 2022

/S/ Ron Ball Jr.
Ronald Ball
Attorney for Plaintiff