IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADAM CLOWARD,<br><br>Plaintiff,<br><br>v.<br><br>AYMEE RACE, JOLAYNE (JODIE) SAMPSON, D. THORNTON, individually and in their official capacities as Unified Police Department employees; ROBERT NAYLOR, individually and in his official capacity as a Salt Lake County Animal Services employee; UNIFIED POLICE DEPARTMENT and SALT LAKE COUNTY, political subdivisions of the state of Utah; and DOES 1-20, whose identities are currently unknown,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SALT LAKE COUNTY'S MOTION TO DISMISS**<br><br>Case No. 2:20-cv-00165-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendant Salt Lake County's Motion to Dismiss.[1]  The County requests dismissal of all claims brought against it in Plaintiff Adam Cloward's Third Amended Complaint[2]  under Federal Rule of Civil Procedure 12(b)(6) because it "suffers from the same deficiencies as the Second Amended Complaint and consequently still fails to state a legally cognizable claim."[3]  For the reasons explained below, the Motion is GRANTED IN PART and DENIED IN PART.

---

[1] Dkt. 118, *Salt Lake County's Motion to Dismiss Third Amended Complaint*.

[2] *See* Dkt. 102, *Third Amended Complaint* at 41–44, 54–56 ("Sixth Cause of Action – Municipal Liability" and "Tenth Cause of Action – Intentional Infliction of Emotional Distress").

[3] *Id.* at 2.

## BACKGROUND AND PROCEDURAL HISTORY

At the motion to dismiss stage, the court accepts as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to the nonmoving party.[4] The following background facts are drawn from Cloward's Third Amended Complaint.[5]

During the early evening of March 28, 2016, Cloward shot and killed his neighbor's dog.[6] He called 911 shortly thereafter, reporting "he had shot a vicious pitbull that came after him."[7] Defendants Aymee Race and Jolayne Sampson with the Unified Police Department responded, along with Salt Lake County Animal Services Officer Robert Naylor.[8] The events that followed have been hotly contested by the parties over the course of nearly three years of litigation.[9] In any event, statements were taken, firearms were seized, and Cloward was arrested and later charged with numerous criminal offenses.[10] The charges were ultimately dismissed.[11]

Nearly four years later, Cloward filed a federal civil rights complaint against Defendants Race, Sampson, and Naylor, along with the Unified Police Department, the County, and twenty

---

[4] *Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 765 (10th Cir. 2021).

[5] Dkt. 102.

[6] *Id.* at 2.

[7] *Id.*

[8] *Id.*

[9] *See* Dkt. 57, *Naylor's Answer to Second Amended Complaint* (generally denying Cloward's factual allegations); Dkt. 105, *Answer to Third Amended Complaint by Defendants Aymee Race, Jodie Sampson, D. Thornton, and Unified Police Department of Greater Salt Lake* (same); *see also* Dkt. 112, *Cloward's Reply in Support of His Motion to Compel In-Person Depositions* at 7 (averring that Defendants, by way of counsel, have made "false claims and false affirmations of facts" throughout this litigation).

[10] *See* Dkt. 102 at 2–4.

[11] *See* Dkt. 102 at 3 ("All of defendants['] . . . charges were dismissed . . . after nearly half a year").

unidentified persons, asserting claims under 42 U.S.C. §§ 1983, 1985, and 1988.[12]  He claims Defendants' purportedly false allegations and later prosecution caused him extreme emotional distress, public vilification, financial losses, and deprivation of his constitutional rights.[13]  He seeks damages for the months of "life-changing traumatic stress, mental anguish, emotional distress, hell, and . . . legal proceedings" resulting from his 2016 arrest and prosecution.[14]

The County first moved to dismiss Cloward's claims on May 22, 2020, contending the First Amended Complaint was "devoid of almost any facts" concerning it.[15]  The County also argued Cloward failed to allege Defendants' actions "were conducted pursuant to an approved policy or custom[,]" as required to establish municipal liability under § 1983.[16]  After Cloward filed his Second Amended Complaint,[17] the County once again moved to dismiss Cloward's claims pursuant to Rule 12(b)(6).[18]  Following oral argument on March 3, 2021,[19] the court granted the County's Second Motion to Dismiss, concluding the Second Amended Complaint did not to state any legally cognizable claims against it.[20]  In dismissing the claims against the

---

[12] Dkt. 1, *Civil Rights Complaint* at 4; *see also* Dkt. 8, *First Amended Complaint*; Dkt. 23, *Second Amended Complaint*.

[13] Dkt. 102 at 3.

[14] *Id.*

[15] Dkt. 20, *Salt Lake County's Motion to Dismiss First Amended Complaint [First Motion to Dismiss]* at 2.

[16] *Id.* at 7–8 (citing *Hunt v. Iron Cty.*, 372 F. Supp. 3d 1272, 1289–90 (D. Utah 2019)).

[17] Dkt. 23.

[18] Dkt. 31, *Salt Lake County's Motion to Dismiss Second Amended Complaint [Second Motion to Dismiss]*.

[19] Dkt. 53, *Minute Entry for Proceedings on March 3, 2021.*

[20] Dkt. 56, *Minute Entry for Proceedings on March 30, 2021.*

County, the Second Amended Complaint's deficiencies were thoroughly discussed, including the failure to establish municipal liability under § 1983.[21]

Over a year later, Cloward moved for leave to amend his Second Amended Complaint to, among other things, "add . . . a trespass[] ab initio claim, and additional claims for . . . violations of [his] . . . rights, liberty, property and[] privacy . . . ."[22]  He also sought to add facts and claims related to the Defendants' "apparent continued conspiracy" against him.[23]  Cloward's request was granted,[24] and he filed his Third Amended Complaint on August 31, 2022.[25]

The County now moves to dismiss that Complaint, asserting "after three amendments, [the Complaint] is utterly devoid of any allegations . . . [concerning] a custom, practice or policy of Salt Lake County."[26]  Because a municipality cannot be held liable for the actions of its employees under 42 U.S.C. § 1983, the County maintains it should be dismissed from the action pursuant to Rule 12(b)(6).[27]  It also seeks dismissal of Cloward's new claim for trespass ab initio on the grounds "the doctrine is antiquated and has never been adopted by Utah courts."[28]  However, because the trespass ab initio claim is not asserted against the County, the court

---

[21] *Id.*

[22] Dkt. 95, *Amended and Refiled Motion for Leave to Amend the Plaintiff's [Second Amended] Complaint* at 2; *see also* Dkt. 74, *Pro Se Motion for Leave to Amend the Plaintiff's [Second Amended] Complaint* at 3.

[23] *Id.* at 25.

[24] Dkt. 101, *Docket Text Order Granting Cloward's Motion for Leave to Amend the Second Amended Complaint.*

[25] Dkt. 102.

[26] Dkt. 118 at 11.

[27] *Id.* (citing Fed. R. Civ. P. 12(b)(6)).

[28] *Id.* at 12.

declines to address this argument.[29]  In any event, the court recently dismissed the trespass ab

initio claim as a matter of law against Naylor, concluding it is not a cognizable claim under Utah

law.[30]  Here, the court focuses solely on the claims asserted against the County—claims for

municipal liability under § 1983 and an unspecified claim for intentional infliction of emotional

distress.[31]

## LEGAL STANDARD

Although Cloward was represented by counsel earlier in this litigation,[32] he has

proceeded pro se for the past two years.[33]  Pro se filings are to be "liberally construed."[34]  But

such liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts

on which a recognized legal claim could be based."[35]  It also does not require the court to

"assume the role of advocate for the pro se litigant" or construct legal theories on his or her

behalf.[36]  Rather, construing liberally merely allows the court to "reasonably" read a pro se

---

[29] *See, e.g., Ramos v. Whole Hemp Co. LLC*, No. 19-CV-03268-CMA-KMT, 2020 WL 6119540, at *8 (D. Colo. Aug. 27, 2020), *report and recommendation adopted*, No. 19-CV-03268-CMA-KMT, 2020 WL 5559474 (D. Colo. Sept. 17, 2020) (concluding that a defendant "lacks standing to challenge . . . claims, which are neither asserted against it, nor brought on its behalf"); *Shultz v. Nomac Drilling, L.L.C.*, No. CIV-17-169-R, 2017 WL 2958621, at *2 (W.D. Okla. July 11, 2017) ("[C]an parties move to dismiss claims under Rule 12(b)(6) that are not asserted against them personally?  In a word, no."); *see also United States v. Weatherly*, No. 3:19-CV-802-J-32JRK, 2020 WL 2543091, at *1 (M.D. Fla. May 19, 2020) (collecting cases).

[30] Dkt. 158, *Memorandum Decision and Order Granting Naylor's Motion to Dismiss*.

[31] *See* Dkt. 102 at 41–44, 54–56 ("Sixth Cause of Action – Municipal Liability" and "Tenth Cause of Action – Intentional Infliction of Emotional Distress").  As discussed below, it is unclear whether Cloward meant to assert a state law tort claim or an additional § 1983 claim seeking damages for emotional distress.

[32] *See, e.g.*, Dkt. 22, *Notice of Appearance by Peter D. Goodall*; Dkt. 25, *Notice of Appearance by Joseph H. Jardine*; Dkt. 52, *Notice of Appearance by Ronald Ball, Jr.*

[33] *See* Dkt. 82, *Notice of Pro Se Appearance*.

[34] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

[35] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[36] *Id.*

pleading as stating a valid claim when there are deficiencies such as "the plaintiff's failure to cite proper legal authority, [] confusion of various legal theories, [] poor syntax and sentence construction, or [] unfamiliarity with pleading requirements."[37]

Under Rule 12(b)(6), a cause of action that "fail[s] to state a claim upon which relief can be granted" must be dismissed.[38]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[39]  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[40]  While plausibility does not equate to probability, it "asks for more than a sheer possibility that a defendant has acted unlawfully."[41]

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), "all well-pleaded facts [are accepted] as true and view[ed] . . . in the light most favorable to the plaintiff."[42]  In doing so, the court will not "weigh potential evidence that the parties might present at trial, but [will] assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[43]  "Though a complaint need not provide detailed factual allegations, it must

---

[37] *Id.*

[38] Fed. R. Civ. P. 12(b)(6).

[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[40] *Id.*

[41] *Id.*

[42] *Jordan-Arapahoe, LLP v. Bd. of Cty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011) (citation omitted).

[43] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

give just enough factual detail to provide [the defendant] fair notice of what the . . . claim is and the grounds upon which it rests."[44]

## ANALYSIS

In his Third Amended Complaint, Cloward asserts two claims against the County: (1) municipal liability under 42 U.S.C. § 1983, and (2) intentional infliction of emotional distress.[45] Additionally, the court liberally construes Cloward's latest Complaint as asserting a separate conspiracy claim under § 1983. As with his earlier complaints, however, Cloward fails to provide sufficient factual averments to support a claim against the County.[46] Instead, he relies on a number of conclusory allegations, ranging from the County condoning officers' unlawful actions to "conspiring to fabricate . . . false evidence against Cloward . . . ."[47] For the reasons described below, these conclusory allegations do not sustain Cloward's claims against the County.

The court first addresses the deficiencies with Cloward's § 1983 claims, including his repeated failure to identify a policy or custom of the County that directly caused his alleged injuries. Next, the court discusses Cloward's intentional infliction of emotional distress claim and concludes his allegations—while potentially relevant to a motion for sanctions—do not support a plausible claim for relief. Finally, the court considers whether, after numerous opportunities to amend his complaint, Cloward's claims against the County should be dismissed

---

[44] *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[45] *See* Dkt. 102 at 41–44, 54–56.

[46] *See* Dkt. 56 (granting Salt Lake County's Second Motion to Dismiss).

[47] *See* Dkt. 102 at 40–43.

with prejudice.  Ultimately, the court finds it would be futile to allow Cloward further opportunities to amend his claims against the County and therefore dismisses them with prejudice.

## I.    Cloward Fails to Establish a Basis for Municipal Liability Under 42 U.S.C. § 1983.

In his Sixth Cause of Action, Cloward asserts a claim for municipal liability against the County premised on 42 U.S.C. § 1983.[48]  Under § 1983, a municipality or county "may not be held liable . . . solely because its employees inflicted injury on the plaintiff."[49]  Rather, "it is when execution of a government's policy or custom . . . inflicts the injury that the government . . . is responsible under § 1983."[50]  To succeed on a claim for municipal liability under § 1983, a plaintiff must therefore "show the existence of a municipal policy or custom which directly caused the alleged injury."[51]  The Tenth Circuit instructs that this can include "a formal regulation or policy statement, an informal custom amounting to a widespread practice, . . . or the failure to adequately train or supervise employees."[52]

Although Cloward alleges another Defendant, Unified Police Department, has adopted a policy or custom of retaliating against citizens who "speak out against police misconduct,"[53] he does not identify any specific policy or custom of the County.  Instead, he prefaces his claim for

---

[48] *Id.* at 41–44.

[49]  *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal quotation marks omitted); see also *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (remarking that courts "have consistently refused to hold municipalities liable under a theory of *respondeat superior*").

[50] *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[51] *Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017).

[52] *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (internal citation omitted) (cleaned up).

[53] Dkt. 102 at 42.

municipal liability with a threadbare assertion of an "Unconstitutional Policy/Custom" by Defendants Unified Police Department and the County,[54] and does not provide any details regarding the purportedly unconstitutional policy or custom. He also does not explain how it was the moving force behind any of the alleged constitutional violations.[55] While Cloward claims mistreatment at the Salt Lake County Adult Detention Center as part of his "General Allegations,"[56] he does not allege that the mistreatment was due to a County policy or custom. Finally, he does not allege any County training deficiencies or hiring decisions establishing § 1983 liability. Accordingly, Cloward has failed to establish a sufficient basis for municipal liability under § 1983.

## II. Cloward Fails to Allege Facts Sufficient to Show the Existence of a Conspiracy by Salt Lake County.

The court liberally construes the Third Amended Complaint as an attempt to also allege a conspiracy claim under § 1983. Indeed, the Tenth Circuit contemplates that "[a]llegations of conspiracy may . . . form the basis of a § 1983 claim."[57] To state a § 1983 conspiracy claim, a plaintiff must allege "specific facts showing an agreement and concerted action amongst the defendants."[58] While the agreement need not be express,[59] allegations of parallel conduct alone

---

[54] *Id.* at 41.

[55] *See Brown*, 520 U.S. at 399 (stating that to sustain a § 1983 claim for municipal liability, "[t]he plaintiff must . . . demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." (quoting *Monell*, 436 U.S. at 694.)).

[56] *See* Dkt. 102 at 41 ("Cloward surrendered himself to the Salt Lake County Adult Detention Center, where he was booked, strip searched, humiliated, verbally abused, handcuffed to a pipe for several hours, and held in filthy conditions.").

[57] *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).

[58] *Leatherwood v. Rios*, 705 F. App'x 735, 739 (10th Cir. 2017) (internal quotation marks and citation omitted).

[59] *See Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990).

cannot sustain a claim of conspiracy.[60]  Moreover, "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."[61]

Cloward's Third Amended Complaint alleges conspiracies among the Defendants,[62] but he has not presented more than conclusory allegations regarding the County's purported conspiracy.[63]  In relevant part, he alleges Unified Police Department and the County "conspire[ed] to fabricate . . . unsubstantiated false allegations" against him.[64]  He specifically asserts that the Defendants falsely claimed he "chased the dog" before shooting it.[65]  However, he does not provide any specific facts showing an agreement or concerted action by the alleged participants of the conspiracy.  Instead, he simply points to the Defendants' "pleadings and [Z]oom hearings" and avers they presented false allegations against him before the court.[66]

As discussed further below, Cloward's primary conspiracy allegation therefore concerns purported litigation misconduct in *this* litigation——not the arrest and prosecution underlying this lawsuit.  While such an allegation may warrant a motion for sanctions, it does not sustain a

---

[60] *Frasier v. Evans*, 992 F.3d 1003, 1025 (10th Cir. 2021); *see also Twombly*, 550 U.S. at 556–57 ("Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").

[61] *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (internal quotation marks and citations omitted).

[62] Dkt. 102 at 13, 37–40, 43.

[63] *See id.* at 43.

[64] Dkt. 102 at 43.

[65] *Id.*

[66] *Id.*

standalone cause of action.[67]  But even aside from the perjurious nature of allegations, Cloward

shows at most parallel conduct by the Defendants, and does not establish an actionable

conspiracy.[68]  Because "[c]onclusory allegations of conspiracy are insufficient to state a valid

§ 1983 claim,"[69] Cloward's conspiracy claim against the County must therefore be dismissed.

### III.   Cloward Fails to Allege Sufficient Facts to State a Claim for Intentional Infliction of Emotional Distress by Salt Lake County.

Finally, Cloward asserts a claim of intentional infliction of emotional distress against the

County.  At the outset, it is unclear whether he meant to assert the claim under 42 U.S.C. § 1983

or as a state law tort claim.  Notably, his preface to the Third Amended Complaint indicates that

his claims arise under the Constitution and federal civil rights statutes,[70] which aligns with his

first six causes of action and supports the inference that his intentional infliction of emotional

distress claim arises under § 1983.[71]  But courts have recognized that "there is no independent

claim under § 1983 for intentional infliction of emotional distress."[72]

---

[67] *See* Fed. R. Civ. P. 11(c) (describing the process and requirements for filing a motion for sanctions for violations of Rule 11(b), including the requirement that "factual contentions have evidentiary support"); DUCivR 1-2; *Desai v. Panguitch Main St., Inc.*, No. 2:04CV691, 2012 WL 5464954, at *9 (D. Utah Nov. 8, 2012), *aff'd*, 527 F. App'x 689 (10th Cir. 2013) (dismissing a plaintiff's claim for perjury because "Utah does not recognize civil perjury as a private right of action").

[68] *See Frasier*, 992 F.3d at 1025 (explaining the level of allegations needed to sustain an actionable conspiracy claim under § 1983).

[69] *Tonkovich*, 159 F.3d at 533 (internal quotation marks and citations omitted).

[70] Dkt. 102 at 1, 6 ("This action arises under the First, Second, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1988.").

[71] *Id.* at 25–41 (stating, in relevant part, that each cause of action arises under § 1983).

[72] *Savage v. Troutt*, No. CIV-15-0670-HE, 2016 WL 5107068, at *2 n.3 (W.D. Okla. Sept. 20, 2016), *aff'd*, 780 F. App'x 574 (10th Cir. 2019) ("While a plaintiff may recover damages for emotional distress in a § 1983 action, liability under § 1983 requires a constitutional violation. In other words, there is no independent claim under § 1983 for intentional infliction of emotional distress."); *see also Schisler v. City of Rome*, No. 617CV312GTSATB, 2017 WL 1418296, at *4 (N.D.N.Y. Mar. 22, 2017), *report and recommendation adopted*, No. 617CV0312GTSATB, 2017 WL 1411533 (N.D.N.Y. Apr. 20, 2017) ("There is no recognized claim for intentional infliction of emotional distress under section 1983.").

A plain reading of Cloward's cause of action could yield the conclusion that, unavailing as it might be, his final claim simply seeks damages for emotional distress under § 1983, as opposed to stating a standalone cause of action.[73]  For example, he starts his cause of action by emphasizing the Defendants' alleged violations of his "fundamental rights under the [C]onstitution,"[74] which tracks the language of his § 1983 claims.[75]  Next, he describes a litany of harms he suffered—"traumatic stress, emotional distress, . . . problems sleeping . . . and stress related health complications"[76]—before asserting that these "damages [are] a direct and proximate result of . . . [the] violations" of his rights.[77]  It was therefore reasonable for the County to assume that Cloward simply meant to assert another § 1983 claim for damages resulting from his emotional distress, as opposed to asserting a state tort claim.[78]  In any event, the court will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[79]

---

[73] *See Savage*, 2016 WL 5107068, at *2 n.3 (contemplating that "a plaintiff may recover damages for emotional distress in a § 1983 action," even though standalone intentional infliction of emotional distress claims are not recognized).

[74] Dkt. 102 at 54.

[75] *Compare id.* at 41–43 (alleging, among other things, "violations of [Cloward's] rights," "constitutional injuries," and attempted violations of various state and common law rights), *with id.* at 54 (alleging the same); *see also Savage*, 2016 WL 5107068, at *2 n.3 (explaining that § 1983 applies to constitutional violations).

[76] Dkt. 102 at 55.

[77] *Id.* at 56.

[78] *See generally* Dkt. 118 (analyzing Cloward's claims through the lens of § 1983 rather than any state tort claims).

[79] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).  Even under a liberal construction of the Third Amended Complaint, the court cannot "construct a legal theory on [the] plaintiff's behalf," or, here, construe Cloward's claim as a state law tort claim given the weight of evidence to the contrary.  To do so would deprive the County of fair notice of the claims against it and undermine any affirmative defenses it might otherwise raise at this juncture, including statute of limitations and governmental immunity defenses.  Indeed, there is no indication the court would even exercise supplemental jurisdiction over the state claim.

Regardless of whether Cloward meant to assert a § 1983 claim or a state law tort claim, the County points to a more substantive defect with Cloward's final cause of action: he does not provide sufficient factual averments to support a claim for relief under either theory.[80]  Instead, Cloward employs the same conclusory allegations that defined his § 1983 conspiracy claim against the County.[81]  He avers the County and other Defendants "fabricated allegations" against him "with reckless disregard for the likelihood of causing" him emotional distress.[82]  He claims these fabricated allegations were part of "an apparent plot or scheme to deny [him] . . . justice and remedy . . . for the Defendants['] crimes and trespass" against him.[83]  While Cloward makes allegations elsewhere that could relate to a state law tort claim, his cause of action focuses solely on the purported "fabricated allegations" that were made by the County.[84]

As prefaced above, the only detail Cloward provides about these "fabricated allegations" concerns the County's conduct in this litigation—not the 2016 arrest and prosecution underlying this lawsuit.  Specifically, he avers Defendants falsely claimed that he "chased the dog" in their briefings and oral arguments before the court.[85]  In other words, Cloward accuses the County of perjury.[86]  The proper remedy for perjury in this court is a motion for sanctions, not a standalone

---

[80] *See* Dkt. 118 at 8.

[81] *Compare* Dkt. 102 at 43 ("Defendants . . . conspire[ed] to fabricate additional false allegations against Cloward, in both pleadings and [Z]oom hearings"), *with* Dkt. 102 at 55 ("Defendants . . . ma[de] false allegations and false affirmations of fact in . . . pleadings and [Z]oom hearings, in an apparent plot . . . to deny the plaintiff justice").

[82] Dkt. 102 at 54.

[83] *Id.* at 55.

[84] *See* Dkt. 102 at 54–56; *see also* Dkt. 127, *Cloward's Opposition to the Motion* (asserting 23 times that Salt Lake County's offending act was falsely claiming he "chased the dog" in briefings and hearings before the court).

[85] Dkt. 102 at 40, 43; *see also* Dkt. 127 (urging the court to hold Salt Lake County "accountable for one verifiable lie and false affirmation of fact, on the record in this case").

[86] *See* Dkt. 127 at 8 ("If defendant Salt Lake County cannot prove . . . the plaintiff [] "chased the dog" . . . then defendant Salt Lake County and[] their counsel[] should be brought up on perjury and conspiracy charges.").

cause of action added to a plaintiff's amended complaint.[87]  In fact, Cloward has already filed

such a motion,[88] which was denied without prejudice following proceedings held before Chief

Magistrate Judge Pead.[89]

In sum, Cloward fails to proffer sufficient factual allegations to sustain a claim for

intentional infliction of emotional distress against the County.

## IV.    Cloward's Claims Against Salt Lake County Should be Dismissed with Prejudice.

For the reasons described above, Cloward's Third Amended Complaint fails to state a

plausible claim for relief against the County, and must be dismissed.  Now the court must

determine whether, after numerous opportunities to amend his complaint, the dismissal should be

with prejudice.  The Tenth Circuit cautions that dismissal with prejudice "of a pro se complaint

for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on

the facts he has alleged and it would be futile to give him an opportunity to amend."[90]

Cloward has been given ample opportunity to amend his complaint and respond to the

myriad deficiencies noted by the Defendants and the court.  But even as his pleadings have

lengthened,[91] the fundamental lack of facts persists.  In fact, Cloward was alerted to potential

issues with his complaint as early as May 22, 2020, when the County filed its First Motion to

---

[87] *See* Fed. R. Civ. P. 11(c); DUCivR 1-2; *Desai*, 2012 WL 5464954, at *9 (concluding that a claim for civil perjury is not cognizable under Utah law).

[88] Dkt. 138, *Cloward's Motion for a Finding of Spoliation and Sanctions* at 8–18 (requesting sanctions against Salt Lake County for, among other things, stating that Cloward "chased the dog" before shooting it).

[89] *See* Dkt. 152, *Docket Text Order re: Proceedings on January 23, 2023*.

[90] *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation marks and citations omitted).

[91] *Compare* Dkt. 1 (33 pages), *with* Dkt. 102 (59 pages).

Dismiss.[92]  In granting the County's Second Motion to Dismiss,[93] the court explained at length the various deficiencies with his § 1983 claim against the County, such as Cloward's failure to show the existence of a municipal policy or custom which directly caused his alleged injuries.[94] Yet, more than a year later, Cloward continues to present conclusory allegations, rather than factual averments, concerning the County.  Notably, his only new factual allegation appears to concern litigation misconduct rather than anything arising out of his 2016 arrest and prosecution.

Under these circumstances, providing Cloward further opportunities to amend his claims appears futile.[95]  Cloward has already been given three opportunities to amend his complaint, as well as a detailed ruling describing the deficiencies with his § 1983 claims against the County. Yet, even under a liberal reading of Cloward's Third Amended Complaint, he has not stated claims against the County upon which relief can be granted.  Therefore, dismissal with prejudice is appropriate.

## CONCLUSION

For the foregoing reasons, Salt Lake County's Motion[96] is GRANTED IN PART and DENIED IN PART as follows:

---

[92] Dkt. 20.

[93] Dkt. 31.

[94] *See* Dkt. 56 (citing *Pyle*, 874 F.3d at 1266).

[95] *Smith v. United States Marine Corps*, No. 2:21-CV-00387, 2022 WL 17668785, at *4 (D. Utah Dec. 14, 2022) (dismissing a pro se litigant's claims because the amended complaint "fail[ed] to cure the deficiencies in the original complaint identified in the court's prior order); *Rivera v. Bawden*, No. 2:22-CV-00508-JCB, 2022 WL 17668740, at *5 (D. Utah Dec. 13, 2022) (same).

[96] Dkt. 118.

1. The Third Amended Complaint fails to state any viable claims against Salt Lake County, and granting Cloward further opportunities to amend his claims against Salt Lake County would be futile.

2. Accordingly, it is hereby ORDERED that this action against Salt Lake County is DISMISSED WITH PREJUDICE.

3. Salt Lake County's request to dismiss the trespass ab initio claim asserted against other Defendants, but not Salt Lake County, is not addressed.

SO ORDERED this 20th day of March, 2023.

BY THE COURT:

_____

ROBERT J. SHELBY
United States Chief District Judge

16