IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADAM CLOWARD,<br><br>Plaintiff,<br><br>v.<br><br>AYMEE RACE, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT ROBERT NAYLOR'S SHORT FORM MOTION TO COMPEL DEPOSITION OF PLAINTIFF ADAM CLOWARD**<br><br>Case No. 2:20-cv-00165-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendant Robert Naylor's Short Form Motion to Compel Deposition of Plaintiff Adam Cloward, which was filed after Cloward failed to appear for his deposition on April 26, 2023.[1] For the reasons explained below, the Motion to Compel is GRANTED.

## DISCUSSION

Cloward filed this action over three years ago, alleging numerous constitutional and statutory civil rights violations by Naylor and others.[2] After an extensive pre-discovery phase, spanning several motions to dismiss and amended complaints,[3] the court set a scheduling order requiring fact discovery to be completed no later than June 2, 2023.[4] Pursuant to that Order and

---

[1] Dkt. 174.

[2] *See* Dkt. 1, *Civil Rights Complaint*.

[3] *See, e.g.*, Dkt. 8, *First Amended Complaint*; Dkt. 20, *Salt Lake County's [First] Motion to Dismiss*; Dkt. 23, *Second Amended Complaint*; Dkt. 31, *Salt Lake County's [Second] Motion to Dismiss*; Dkt. 35, *Naylor's [First] Motion to Dismiss*; Dkt. 102, *Third Amended Complaint*; Dkt. 104, *Naylor's [Second] Motion to Dismiss*; Dkt. 118, *Salt Lake County's [Third] Motion to Dismiss*.

[4] Dkt. 153, *Third Amended Scheduling Order* at 2.

Federal Rule of Civil Procedure 30(a)(1),[5] Naylor tried to schedule Cloward's deposition starting on March 2, 2023, with the goal of deposing him during the week of April 24–28, 2023.[6] When Cloward raised concerns about attending the deposition at the Salt Lake County District Attorney's Office, where he was restricted from carrying a firearm, Naylor arranged to have the deposition held at the United States Courthouse—neutral ground where neither party would be armed.[7] The deposition was eventually set for April 26, 2023, and was noticed nearly two months before the scheduled date.[8] Despite these efforts, Cloward failed to attend the deposition or otherwise file a motion for protective order to prevent his deposition.[9]

As Naylor notes, "[t]he Federal Rules of Civil Procedure clearly contemplate the deposition of a party."[10] Here, Cloward agreed to limit discovery to ten depositions per side,[11] which was approved by the court.[12] Naylor understandably seeks to depose Cloward to defend this case and better comprehend Cloward's narrative of the events that took place before or after the shooting death of his neighbor's pitbull on March 28, 2016.[13] And Cloward had an obligation to attend the properly noticed deposition.

---

[5] Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court . . . .").

[6] *See* Dkt. 174 at 2; *see also* Dkt. 174-2, *Correspondence with Cloward* (reflecting Defendants' efforts to coordinate the deposition with Cloward).

[7] *Id.*

[8] *See* Dkt. 174-3, *Correspondence with Cloward* (reflecting Defendants' delivery of the notice of deposition on March 9, 2023).

[9] *See* Dkt. 174 at 2; Dkt. 174-5, *May 10, 2023 Email to Cloward* (evincing Defendants' attempt to reschedule Cloward's deposition after his nonappearance on April 26, 2023).

[10] Dkt. 174 at 3 (citing Fed R. Civ. P. 26, 30, 37(d)).

[11] *See* Dkt. 59, *Report of Attorney Planning Meeting* at 3.

[12] Dkt. 61, *Scheduling Order* at 1–2.

[13] *See* Dkt. 174 at 2–3; Dkt. 102 at 1–4.

At the same time, Cloward has an obligation to prosecute his own case, which encompasses the paramount responsibilities of reciprocal discovery and candor.[14] Based on the record before the court, Naylor has tried to allay Cloward's concerns.[15] But Cloward continues to be uncooperative and risks further delaying his case by failing to attend a properly noticed deposition.[16] Further violations of Cloward's discovery obligations will not be tolerated.

## CONCLUSION AND ORDER

Pursuant to Federal Rule 37(a)(1) and Local Rule 37-1,[17] and for good cause shown, the court now ORDERS as follows:

1. Naylor's Motion to Compel is hereby GRANTED.

2. Cloward is hereby ORDERED to provide—no later than 5:00 PM on Tuesday, May 30, 2023—a specific date for his deposition to begin at 9:00 AM at the Orrin G. Hatch United States Courthouse during the week of June 5–9, 2023, which is mutually acceptable to Naylor. If Naylor is unable to accommodate this window, the parties may stipulate an alternative date for Cloward's deposition to occur no later than June 30, 2023. The deposition will be conducted upon oral examination under oath before a certified court reporter, recorded by audio or stenographic, and videographic means, and governed by the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and all relevant state and federal statutes.

---

[14] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Zemaitiene v. Salt Lake Cty.*, No. 2:17-cv-00007-DAK-JCB, 2021 U.S. Dist. LEXIS 45883, at *12 (D. Utah Mar. 10, 2021) ("[Plaintiff] is reminded that she chose to initiate this case and, as such, has a duty to prosecute it.").

[15] *See* Dkt. 174 at 2.

[16] *Id.*

[17] DUCivR 37-1.

3. Cloward is hereby ORDERED to personally appear at the deposition.

4. Cloward is warned that failure to comply with this Order may result in the imposition of sanctions, including attorneys' fees and costs incurred by Defendants in bringing the instant Motion. Further violations could also lead to dismissal of his claims with prejudice.[18] To be clear, the court is giving Cloward an additional opportunity to demonstrate good faith and candor in cooperating with Defendants' discovery and deposition requests, with hopes that further intervention will not be needed.

5. Given the expedited nature of this issue, the court directs the clerk's office to mail a copy of this Order directly to:

Adam Cloward
41 E 400 N STE 217
LOGAN, UT 84321

**And to also immediately email a copy of this Order to Cloward at mylegalcontention2@protonmail.com.**

SO ORDERED this 24th day of May, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[18] *See* Fed. R. Civ. P. 37(d)(1)(A)(i) (stating that the court may order sanctions for a party's failure to appear for a properly noticed deposition); Fed. R. Civ. P. 37(b)(2)(A)(i–vi) (stating that sanctions may include "dismissing the action or proceeding in whole or in part").