IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ADAM CLOWARD,<br><br>Plaintiff,<br><br>v.<br><br>AYMEE RACE, JOLAYNE SAMPSON, D. THORNTON, ROBERT NAYLOR, UNIFIED POLICE DEPARTMENT and SALT LAKE COUNTY,<br><br>Defendants. | RULING & ORDER[1]<br><br>Case No. 2:20-cv-00165<br><br>United States District Court Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Currently pending before this court is Plaintiff Adam Cloward's[2] Motion to Disqualify Defendants' Attorneys.[3] Having reviewed the briefing and relevant law, the court finds that oral argument would not materially assist the court in determining the Motion and Plaintiff's request for a hearing is denied.[4]

---

[1] This case is before the court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Robert J. Shelby. ECF No. 28, Order of Reference to Magistrate Judge Dustin B. Pead.

[2] Referred to herein as "Plaintiff" or "Mr. Cloward".

[3] ECF No. 172, Plaintiff's Motion to Disqualify and Remove Defendants' Attorneys From the Case ("Motion"). Defendants Robert Naylor and Salt Lake County filed an opposition to Plaintiff's Motion (ECF No. 179, Opposition To Plaintiff's Motion to Disqualify and Remove Defendants' Attorneys From the Case) and Defendants Aymee Race, Jodi Sampson, Douglas Thornton and the Unified Police Department of Greater Salt Lake join in the Opposition (ECF No. 180, Defendants' Joinder In Salt Lake Count's Opposition to Plaintiff's Motion to Disqualify and Remove Defendants' Attorneys From This Case").

[4] ECF No. 178, Plaintiff's Motion for Hearing on Motion to Remove Defendants['] Attorneys From The Case; *See Bishop v. United States,* 2023 U.S. Dist. LEXIS 30615 at * 8, 2023 WL 2164269 (D.

## DISCUSSION

Plaintiff motions the court to "enter an Order Forthwith" disqualifying Defendants' counsel and "declaring all of defendants attorneys['] motions, memorandums, and . . . filings in this case to be Null and Void."[5] As grounds for doing so, Plaintiff challenges the underpinnings of established government institutions and fundamental legal concepts, including an attorney's right to advocate on behalf of others. Plaintiff asserts Defendants' counsel are "actors" who have sworn "an oath or affirmation of loyalty" to the American Bar Association, "a <u>fictitious</u> entity that does not exist in the physical world[,]" and therefore disqualification is appropriate.[6]

The irony of Plaintiff's existential objections is not lost on the court. Indeed, throughout this action Plaintiff has relied upon the institutions and individuals he now challenges. As the proponent of this lawsuit, Plaintiff has invoked federal court jurisdiction, relied upon federal law and employed attorneys to litigate the case on his behalf.[7] That said, federal law allows for representational advocacy and the United States District Court for the District of Utah has adopted rules governing admittance to practice before the court.[8] Further, contrary to Plaintiff's claim, it is the Utah Bar, not the American Bar Association, that governs the practice of law in

---

Utah Feb. 22, 2023) ("under the local rules, oral argument is permissive"); *see also,* DUCivR 7-1(g) ("The court *may* set any motion for oral argument." (emphasis added)).

[5] ECF No. 172 at 1.

[6] *Id.* at 5.

[7] *See* ECF No. 2, Plaintiff's Motion to Appoint Counsel (asking the court to appoint an attorney on Plaintiff's behalf); ECF No. 25, Notice of Appearance of Attorney Joseph H. Jardine on behalf of Plaintiff; ECF No. 33, Notice of Limited Appearance by Attorney Ronald Ball Jr. on behalf of Plaintiff; ECF No. 52, Notice of Appearance by Attorney Ronald Ball Jr. on behalf of Plaintiff.

[8] *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); DUCivR 83-1.1(a) (only those attorneys who are "active member[s] in good standing of the Utah State Bar are eligible for admission to this court's bar.")

Utah. The Utah Bar's standards for admission are set forth in the Utah Code of Judicial Administration,[9] with authority for regulation stemming from Article VII, Section 4 of the Utah Constitution.[10]

Pursuant to its authority, the Utah Supreme Court established the Utah State Bar and authorized it to regulate the admissions process for those individual seeking to practice law. Significantly, "[o]nly persons who are active, licensed members of the Bar in good standing may engage in the practice of law in Utah."[11] Here, Defendants' attorneys are licensed members of the federal bar.[12] And, as members in good standing who are admitted to practice before this court, these individuals qualify as "counsel" who may advocate on behalf of their clients in this court.[13] 28 U.S.C. § 1654.

Upon review,[14] Plaintiff fails to demonstrate any cognizable basis for disqualification of Defendants' counsel or cite to any evidence in support of their removal. In turn, Mr. Cloward's assertions regarding the efficacy of federal institutions and representational authority stand contrary to established law. Accordingly, for the reasons stated, Plaintiff's Motion to Disqualify Defendants' Counsel is DENIED[15] and Plaintiff's Motion for Hearing is DENIED.[16]

---

[9] Utah Code Judicial Administration, 14-802.

[10] Utah Constitution, Article VIII, Section 4; Kelly v. Utah State Bar, 2017 UT 6, ¶ 7, 391 P.3d 210, 214 (holding "Article VII, section 4 of the Utah Constitution empowers this court to 'govern the practice of law [in Utah], including admission to practice.'"

[11] Utah Sup. Ct. R. Prof'l. Practice, 14-704.

[12] ECF No. 179-1; ECF No. 179-2.

[13] 28 U.S.C. § 1654.

[14] ECF No. 172; ECF No. 180; ECF No. 182.

[15] ECF No. 172.

[16] ECF No. 178.

**IT IS SO ORDERED.**

DATED this 25th day of May, 2023.

BY THE COURT:

_____
Dustin B. Pead
U.S. District Magistrate Judge
