IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADAM CLOWARD,<br><br>Plaintiff,<br><br>v.<br><br>AYMEE RACE, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>Case No. 2:20-cv-00165-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

The court recently granted Defendant Robert Naylor's Motion to Compel Deposition of Plaintiff Adam Cloward following Cloward's failure to attend his scheduled deposition on April 26, 2023.[1] Now before the court is Cloward's Objection to that decision,[2] which the court liberally construes as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 54(b). Cloward also seeks a protective order shielding him from a deposition.[3] Having reviewed the parties' briefing and relevant law, the court finds that oral argument is not necessary.[4] For the reasons explained below, Cloward's requests are DENIED.

---

[1] *See* Dkt. 183, *Memorandum Decision and Order Granting Naylor's Motion to Compel*.

[2] Dkt. 186, *Objection to Order Compelling Deposition and Demand for a Protective Order*; Dkt. 189, *First Amended Objection to Order Compelling Deposition and Demand for a Protective Order*.

[3] Dkt. 189 at 6.

[4] *See Bishop v. United States*, 2023 U.S. Dist. LEXIS 30615, at *8 (D. Utah Feb. 22, 2023) ("Under the local rules, oral argument is permissive."); DUCivR 7-1(g) ("The court *may* set any motion for oral argument." (emphasis added)).

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Cloward filed this action over three years ago, alleging numerous constitutional and civil rights violations by Naylor and others.[5] After navigating a protracted pre-discovery stage with multiple rounds of motions to dismiss and amended complaints,[6] Cloward reached the discovery phase. On January 24, 2023, the court adopted the Third Amended Scheduling Order, which contemplated a close of fact discovery on June 2, 2023.[7]

Pursuant to the Scheduling Order and Rule 30(a)(1), Naylor tried to schedule Cloward's deposition starting on March 3, 2023, with the goal of deposing him during the week of April 24–28, 2023.[8] However, Cloward resisted the plan to depose him at the Salt Lake County District Attorney's Office, where he was told he would be unable to carry a firearm or have an armed security detail.[9] Naylor then attempted to assuage Cloward's concerns by arranging the deposition at the United States Courthouse—neutral ground where neither party would be armed.[10] Despite these efforts, Cloward failed to attend his scheduled deposition on April 26, 2023, prompting Naylor to file his Motion to Compel.[11]

---

[5] *See* Dkt. 1, *Civil Rights Complaint*.

[6] *See, e.g.*, Dkt. 8, *First Amended Complaint*; Dkt. 20, *Salt Lake County's [First] Motion to Dismiss*; Dkt. 23, *Second Amended Complaint*; Dkt. 31, *Salt Lake County's [Second] Motion to Dismiss*; Dkt. 35, *Naylor's [First] Motion to Dismiss*; Dkt. 102, *Third Amended Complaint*; Dkt. 104, *Naylor's [Second] Motion to Dismiss*; Dkt. 118, *Salt Lake County's [Third] Motion to Dismiss*.

[7] Dkt. 153, *Third Amended Scheduling Order* at 2.

[8] *See* Dkt. 174, *Naylor's Motion to Compel Deposition* at 2; *see also* Dkt. 174-2, *Correspondence with Cloward* (reflecting Defendants' efforts to coordinate Cloward's deposition).

[9] *See* Dkt. 174 at 2.

[10] *Id.*

[11] *Id.*; *see also* Dkt. 174-5, *May 10, 2023 Email to Cloward* (evincing Defendants' attempt to reschedule Cloward's deposition after his nonattendance on April 26, 2023).

Given the lack of a protective order or other grounds for Cloward's nonattendance, the court granted Naylor's Motion to Compel.[12] Cloward was thereby ordered to schedule and attend his deposition during the week of June 5–9, 2023, unless Naylor was otherwise unavailable.[13] In granting the Motion to Compel, the court warned that "[f]urther violations of Cloward's discovery obligations will not be tolerated" and that it was "giving Cloward an additional opportunity to demonstrate good faith and candor in cooperating with Defendants' discovery and deposition requests, with hopes that further intervention will not be needed."[14]

The next day, Cloward filed his Objection, urging reconsideration of the court's Order, because, among other reasons, "[i]t . . . would be a violation of Cloward's rights and . . . liberty to compel [him] to appear [at] a deposition, against his will."[15] For the same reason, Cloward now moves for a protective order to shield him from the deposition.[16]

## LEGAL STANDARDS

Though Cloward was previously represented by counsel,[17] he now proceeds pro se.[18] While the court "liberally construe[s] pro se pleadings, [Cloward's] pro se status does not excuse [his] obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[19]

---

[12] Dkt. 183 at 2.

[13] *Id.* at 3–4.

[14] *Id.*

[15] Dkt. 186 at 9; Dkt. 189 at 11.

[16] *See* Dkt. 189 at 6.

[17] *See* Dkt. 22, *Notice of Appearance by Peter D. Goodall*; Dkt. 25, *Notice of Appearance of Joseph H. Jardine*; Dkt. 52, *Notice of Appearance by Ronald Ball, Jr.*

[18] *See* Dkt. 82, *Notice of Pro Se Appearance*.

[19] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

Cloward frames his latest filing as an Objection to the court's Order granting Naylor's Motion to Compel.[20] However, because Cloward is not permitted to file objections to this court's orders,[21] the court liberally construes his filing as a Motion for Reconsideration.[22] Motions for reconsideration filed before entry of final judgment are construed under Rule 54(b).[23] Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[24]

While a district court has broad "discretion to revise [] interlocutory orders prior to entry of final judgment,"[25] the bar to reconsideration is relatively high.[26] Motions for reconsideration may be granted based on the availability of new evidence, an intervening change in the

---

[20] *See* Dkt. 186 at 1; Dkt. 189 at 1.

[21] *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (explaining the purpose of objections to a magistrate judge's report and recommendations).

[22] *See, e.g.*, *Valentine v. James River Ins. Co.*, No. 20-cv-01638-CMA-SKC, 2022 U.S. Dist. LEXIS 76673, at *4 (D. Colo. Apr. 27, 2022) (construing a plaintiff's "objection" as a motion because "Plaintiff is not permitted to file objections to this Court's Orders"); *Webster v. United States*, No. 19-CV-595-GKF-FHM, 2020 U.S. Dist. LEXIS 229533, at *2 (N.D. Okla. Feb. 13, 2020) ("Because plaintiffs proceed pro se, the court liberally construes the objection as a motion to reconsider . . . .").

[23] *See Price v. Philpot*, 420 F.3d at 1167 n.9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge." (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) and citing Fed. R. Civ. P. 54(b))).

[24] Fed. R. Civ. P. 54(b).

[25] *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) ("It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment.").

[26] *See SFF-TIR, LLC v. Stephenson*, 264 F. Supp. 3d 1148, 1221 (N.D. Okla. 2017) ("Unlike the motion that produced the prior ruling, a motion to reconsider is not—and is not supposed to be—a fair fight procedurally. The deck is stacked against a movant for reconsideration . . . .").

controlling law, or the need to correct clear error or prevent manifest injustice.[27] A motion for reconsideration is therefore appropriate where "the court has misapprehended the facts, a party's position, or the controlling law"[28]—that is, only in "extraordinary circumstances."[29] By contrast, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing" through a motion for reconsideration.[30]

## ANALYSIS

### I. Cloward's Request for Reconsideration

The court has carefully reviewed Cloward's Objection and concludes he has not presented any convincing grounds for reconsideration.

Cloward's Objection is based largely on his contentions that the Federal Rules of Civil Procedure do not have the force of law and that compelling him to attend a properly noticed deposition violates his constitutional rights.[31] Neither argument has adequate legal support. First, the Federal Rules of Civil Procedure "are binding upon the court and parties alike with [] the [full] force of law," as they are "[p]romulgated pursuant to the Rules Enabling Act, 28 U.S.C.

---

[27] *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995); *see also Pia v. Supernova Media, Inc.*, No. 2:09-cv-840-DN-EJF, 2014 U.S. Dist. LEXIS 175028, 2014 WL 7261014, at *2 (D. Utah Dec. 18, 2014) ("There are three scenarios in which a litigant may successfully argue for reconsideration: when (1) substantially different, new evidence has been introduced; (2) subsequent, contradictory controlling authority exists; or (3) the original order is clearly erroneous." (internal quotation marks and citations omitted)).

[28] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining the nearly identical Rule 59(e) motion for reconsideration standard).

[29] *Van Skiver v. United States*, 952 F.2d 1241, 1244–45 (10th Cir. 1991).

[30] *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted).

[31] *See, e.g.*, Dkt. 189 at 3 ("[T]he Rules of [C]ivil [P]rocedure are merely rules[,] not law[,] and [] Cloward is [n]ot subject to statutes."); *id.* at 5 ("Depositions are not found in the [C]onstitution, and to compel Cloward to appear [at] a deposition . . . would be unconstitutional and[] a violation of due process . . . ."); *id.* at 8 ("Cloward argues that the '[F]ederal [R]ules' . . . are not law, that they are merely color of law[,] and . . . thus they are unconstitutional and unenforceable . . . .").

§ 2072."[32] The Supreme Court has noted that federal rules of procedure are "as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard [their] . . . mandate than they do to disregard constitutional or statutory provisions."[33] Second, the Federal Rules are presumed to be constitutionally valid.[34] Cloward does not point to any authority—nor does the court know of any—that undermines the legality or constitutionality of compelling him to attend a properly noticed deposition under the present circumstances.

Despite Cloward's understanding that he is subject only to the "Laws of Nature and of Nature's God,"[35] he chose to avail himself of federal court—*this* court—which is bound by the Federal Rules of Civil Procedure and the Local Rules.[36] Yet Cloward now challenges whether this court even has personal jurisdiction over him to adjudicate the lawsuit he filed.[37] He embraces some of the hallmark arguments of the "sovereign citizen" movement,[38] and "invokes his sovereign Immunity to statutes and[] the Federal rules of civil procedure."[39] Cloward further

---

[32] *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020); *see also Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1162 (9th Cir. 2018) ("The Federal Rules of Civil Procedure have the force of law.").

[33] *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988) (evaluating the effect of Federal Rule of Criminal Procedure 52(a)).

[34] *See Smith v. Vicorp, Inc.*, 107 F.3d 816, 818 (10th Cir. 1997) ("[T]he Federal Rules of Civil Procedure are presumptively valid . . . ."); *see also Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 6 (1987).

[35] *See* Dkt. 189 at 2; *see also id.* at 6 ("Cloward is not subject to rules, [s]tatutes, and[/]or rulings, that would abrogate his rights guaranteed under the common law and under the [C]onstitution . . . .").

[36] *See Heffernan v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006) ("The Federal Rules of Civil Procedure apply to all cases filed in federal court, no matter what the basis of subject matter jurisdiction." (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)); *Am. Copper & Brass, Inc. v. Lake City Indus. Prods.*, 757 F.3d 540, 546 (6th Cir. 2014) ("The general rule, of course, is that the Federal Rules of Civil Procedure . . . apply to all civil cases brought in federal court."); *see also Nahno-Lopez v. Houser*, 625 F.3d 1279, 1284 (10th Cir. 2010) ("Local rules that are consistent with the national rules have the force of law.").

[37] Dkt. 189 at 7 ("Cloward denies this court personam jurisdiction over him . . . ."); *see also* Dkt. 202, *Reply Memorandum in Support of Cloward's Motion for Reconsideration* at 1–2 (arguing that Defendants have the burden of proving that the court has "personam jurisdiction" over him, which Cloward maintains has not been satisfied).

[38] *See generally* Michael Crowell, *A Quick Guide to Sovereign Citizens*, Admin. of Just. Bull., Nov. 2015.

[39] Dkt. 189 at 6.

declares that he "is one of the Liberated 'people'[] and therefore sovereign and, subject only to the laws of Nature and of Nature's God."[40] These are not persuasive arguments.[41] Cloward's assertions of personal "sovereignty" do not exempt him from the reciprocal discovery obligations under the Federal Rules, nor do they vitiate the court's jurisdiction.[42] Indeed, "[c]ourts have consistently held that a court always has personal jurisdiction over a named plaintiff because that party, by choosing the forum, has consented to the personal jurisdiction of that court."[43] This case is no exception.

The longstanding discovery procedures Cloward now challenges "seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information."[44] To that end, a party may take the deposition of "any person, including a party," pursuant to the procedures and limitations set forth by the Federal Rules of Civil Procedure.[45] While Cloward contends his deposition would be "harmful and arguably pointless," because, among other reasons, "the evidence against Defendants . . . is overwhelming,"[46] discovery is a

---

[40] Dkt. 202 at 4, 8; *see also id.* at 2–3 (asserting that "Cloward [is a] Natural man and[] Son of God, appearing in the flesh, . . . Not a 'person'[] or a 'human being,' . . . [and that he] denies any judge [] or public servant authority to decide . . . as to whether Cloward is . . . subject to the jurisdiction of any court").

[41] *See Charlotte v. Hanson*, 433 F. App'x 660, 661 (10th Cir. 2011) ("[W]e note that an individual's belief that her status as a sovereign citizen puts her beyond the jurisdiction of the courts has no conceivable validity in American law." (internal quotation marks and citation omitted)); *Utah Dep't of Workforce Servs. v. Geddes*, No. 2:13-CV-24 TS, 2013 U.S. Dist. LEXIS 49177, at *5 (D. Utah Apr. 4, 2013) ("Courts have routinely found the sovereign citizen argument as 'completely without merit' and 'patently frivolous.'" (collecting cases)).

[42] *Geddes*, 2013 U.S. Dist. LEXIS 49177, at *5 ("Simply by labelling one's self as a 'Sovereign Citizen' an individual does not immunize himself from the jurisdiction of the state or federal courts." (internal quotation marks and citation omitted)).

[43] *Rollins v. Ingersoll-Rand Co.*, 240 F. App'x 800, 802 (10th Cir. 2007) (quoting *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 646 (6th Cir. 2006)).

[44] *Ward v. Express Messenger Sys.*, No. 17-cv-2005-NYW, 2020 U.S. Dist. LEXIS 221827, at *9 (D. Colo. Jan. 14, 2020) (citation omitted).

[45] *See* Fed. R. Civ. P. 30(a)(1)–(2).

[46] *See* Dkt. 189 at 12.

two-way street. And "the deposition of the party who has initiated the litigation is essential to the discovery of pertinent information that Defendant[s] may not obtain by other means without undue burden."[47]

Here, Naylor seeks to depose Cloward to adequately prepare for trial on the claims Cloward has asserted against him.[48] Consistent with the Scheduling Order, Naylor first tried to arrange Cloward's deposition on March 3, 2023—providing nearly two months' notice for the scheduled deposition on April 26, 2023. When Cloward challenged the planned location for the deposition, Naylor promptly arranged an alternative.[49] After Cloward then failed to attend the deposition—without first filing a motion for a protective order—Naylor attempted to confer with Cloward to secure his deposition without court action.[50] As such, the record shows that the preconditions for granting a motion to compel were satisfied.[51] While Cloward might disagree with the court's decision, he does not point to any misunderstandings of the record—or any other arguments—warranting reconsideration.

In sum, Cloward does not present any new evidence, change in the controlling law, or need to correct a manifest injustice to support his request for reconsideration. Accordingly, Cloward's Objection,[52] which is construed as a Motion for Reconsideration, is DENIED.

---

[47] *Khpalwaak Burrai v. Sw. Capital Bank*, No. 17-878 SMV/GBW, 2017 U.S. Dist. LEXIS 178403, at *3 (D.N.M. Oct. 27, 2017).

[48] *See* Dkt. 174 at 3.

[49] *Id.*

[50] *Id.*; *see also* Dkt. 174-5.

[51] *See* Fed. R. Civ. P. 37(a) (stating the requirements for a motion to compel, including the requirement that the movant "conferred or attempted to confer with the person or party failing to make disclosure or discovery").

[52] Dkt. 186; Dkt. 189.

## II.     Protective Order

Cloward's belated demand for a protective order is also unavailing. As an initial matter, it is untimely—filed approximately five weeks *after* his deposition was supposed to take place.[53] Additionally, Cloward's request for a protective order fails on its merits.

"[A] person may seek a protective order by a showing of good cause pursuant to" Rule 26(c).[54] The party seeking to "stop a deposition bears the burden of establishing good cause for the protective order."[55] This burden is "not satisfied by conclusory statements. Rather, the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury."[56] Barring extraordinary circumstances, courts will rarely grant a protective order that completely prohibits a deposition.[57] Lastly, courts have "broad discretion to decide when a protective order is appropriate and what degree of protection is required."[58]

---

[53] *See, e.g.*, *Park Cityz Realty, LLC v. Archos Cap., LLC*, No. 2:20-cv-00522-JCB, 2021 U.S. Dist. LEXIS 208428, at *60 (D. Utah Oct. 27, 2021) (describing a motion for protective order as "untimely" when it was "filed [two] hours before . . . [the] deposition was to begin"); *Bosh v. Cherokee Cty. Governmental Bldg. Auth.*, No. 11-CV-376-JHP, 2016 U.S. Dist. LEXIS 3507, at *3 (E.D. Okla. Jan. 12, 2016) (denying a motion for protective order as untimely because "protective orders must be obtained prior to the scheduled deposition"); *Liles v. Wash. Tru Sols., LLC*, No. CIV-06-854 JB/CEG, 2007 U.S. Dist. LEXIS 56484, at *8 (D.N.M. June 14, 2007) (finding that a motion for a protective order was untimely when it was filed only three days before the scheduled deposition).

[54] *Denson v. Corp. of the President*, No. 2:18-cv-00284, 2018 U.S. Dist. LEXIS 233227, at *2 (D. Utah Dec. 4, 2018) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

[55] *Denson*, 2018 U.S. Dist. LEXIS 233227, at *3.

[56] *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003).

[57] *Denson*, 2018 U.S. Dist. LEXIS 233227, at *3; *see also Leighr v. Beverly Enters.-Kansas Inc.*, 164 F.R.D. 550, 552 (D. Kan. 1996) ("Motions to thwart a deposition . . . are ordinarily denied.").

[58] *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 U.S. Dist. LEXIS 82594, at *2 (D. Kan. Oct. 15, 2008); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.").

As prefaced above, Cloward does not meet his burden to demonstrate good cause to prohibit Naylor from deposing him. Instead, Cloward relies on conclusory statements that a deposition would violate his rights and further associate him "with [D]efendants['] false and stigmatizing allegations."[59] He has not provided any concrete reasons to support a finding that a deposition of him would be oppressive or unduly burdensome, nor has he shown that his deposition would "result in a clearly defined and serious injury."[60] Accordingly, Cloward's request for a protective order is DENIED.[61]

## CONCLUSION

Cloward has shepherded this case for more than three years—sometimes with the benefit of counsel, though lately as a pro se litigant. But now, after surviving numerous hard-fought motions to dismiss, Cloward's resistance to the most basic discovery obligations threatens costly—even dispositive—sanctions against him.[62] And his recent embrace of sovereign citizen-styled arguments has done little to help his case. While the court affords Cloward some leeway given his pro se status, this misconduct cannot be countenanced in a court committed to ensuring the "just, speedy, and inexpensive determination of every action and proceeding."[63] Moving forward, Cloward must comply with the Federal Rules of Civil Procedure, with particular

---

[59] *See* Dkt. 189 at 3–4, 7, 11–12.

[60] *Klesch & Co.*, 217 F.R.D. at 524.

[61] *See Quarrie v. N.M. Inst. of Mining & Tech.*, 621 F. App'x 928, 933 (10th Cir. 2015) (finding no abuse of discretion where a district court dismissed a motion for protective order as frivolous).

[62] *See, e.g.*, Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."); Fed. R. Civ. P. 37(b)(2)(A) (describing the range of possible sanctions for not obeying a court discovery order).

[63] Fed. R. Civ. P. 1; *see also Ogden*, 32 F.3d at 455 (stating that a litigant's "pro se status does not excuse [his] obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure").

attention to the requirements of Rule 30.  Any additional failures to do so could lead to the dismissal of his claims with prejudice.  In short, Cloward need not continue to pursue his lawsuit.  But if he does, he must abide by the same rules all other plaintiffs must follow.  If he will not, his lawsuit likely must end.

Accordingly, the court hereby ORDERS and reasserts as follows:

1. Cloward's Objection[64] is DENIED.

2. Cloward is ORDERED to provide—no later than 5:00 PM on Friday, July 7, 2023—a specific date for his deposition to begin at 9:00 AM at the Orrin G. Hatch United States Courthouse during the week of July 17–21, 2023, which is mutually acceptable to Defendants.  If Defendants are unable to accommodate this window, the parties may stipulate to an alternative date for Cloward's deposition to occur no later than July 31, 2023.  The deposition will be conducted upon oral examination under oath before a certified court reporter, recorded by audio or stenographic, and videographic means, and governed by the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and all relevant state and federal statutes.

3. Cloward is ORDERED to personally appear at the deposition.

4. Cloward is permitted to lodge non-frivolous objections to questions as appropriate, but he will still be required to answer questions after lodging the objections in accordance with Rule 30(c)(2).  Any attempts by Cloward to frustrate, postpone, continue, reschedule, reconsider, or otherwise obstruct this deposition may result in sanctions, including dismissal of his lawsuit with prejudice.

---

[64] Dkt. 186; Dkt. 189.

5. Cloward is cautioned that any failure to comply with this Order may result in severe sanctions, including attorneys' fees and costs and dismissal of his claims with prejudice. Once again, "the court is giving Cloward an additional opportunity to demonstrate good faith and candor in cooperating with Defendants' discovery and deposition requests, with hopes that further intervention will not be needed."[65]

6. Given the expedited nature of this issue, the court directs the clerk's office to mail a copy of this Order directly to:

Adam Cloward
41 E 400 N STE 217
LOGAN, UT 84321

**And to also immediately email a copy of this Order to Cloward at mylegalcontention2@protonmail.com.**

SO ORDERED this 29th day of June, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[65] Dkt. 183 at 4.