IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ADAM CLOWARD,<br><br>   Plaintiff,<br>v.<br>AYMEE RACE, et al.,<br><br>   Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR AN ORDER TO SHOW CAUSE AND SANCTIONS**<br><br>Case No. 2:20-cv-00165-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff Adam Cloward's Motion for an Order to Show Cause requiring Defendants' attorneys to identify constitutional authority for their representation in this court,[1] and Cloward's Motion for Sanctions against Defendant Naylor and his attorneys for "fraud" on the court.[2] Having reviewed Cloward's briefing[3] and the relevant law, the court determines oral argument is unnecessary, and decides the Motions on the briefing. For the reasons explained below, Cloward's Motions are DENIED.

---

[1] Dkt. 214, *Motion for Order to Show Cause*.

[2] Dkt. 216, *Notice and Demand for Sanctions*. The "fraud" is based on Cloward's deposition transcript contained in Defendant's recent Motion for an Order to Show Case. Dkt. 211, *Motion for Order to Show Cause and Memorandum in Support*.

[3] The court notes it was initially unclear whether Plaintiff's Motions were independent motions or responses to Dkt. 211, as portions of these motions responded directly to Dkt. 211. *See, e.g.*, Dkt. 214 ("Filing #211 was filed by [attorneys] lacking lawful standing in matters of common law . . . [F]or cause the petitioner[] moves to strike filing #211 from the record."); Dkt. 216 ("[Defendant's] exhibit #211 . . . includes portions of a verifiably false and verifiably fraudulent and verifiably fraudulently certified transcript [which] is presumed to be . . . fraud on the court."); Dkt. 216 ("For cause, Cloward . . . hereby moves this court to strike the district attorney's office and[] William G. Garbina's filing #211 from the record with prejudice, baring [sic] the 'Salt Lake County District Attorneys Office', and[] all above mentioned persons and 'attorneys', from filing a single further pleading in this case, with prejudice.") However, the court now recognizes, given Plaintiff's recent request for more time to respond to Dkt. 214, Plaintiff intended these as independent requests and considers them as such.

Cloward filed this action over three years ago, alleging numerous constitutional and civil rights violations by Defendants.[4] The case is currently in the discovery phase. Recently, following a court order requiring his attendance,[5] Cloward appeared at his deposition. This deposition is the basis for Defendant Naylor's Motion for an Order to Show Cause.[6] Shortly after Defendant Naylor filed his Motion, Cloward filed the present Motion for Order to Show Cause and Motion for Sanctions.

In his Motion, Cloward requests an Order to Show Cause requiring all Defendants' attorneys to present the constitutional authority they have to appear in this court.[7] If they do not present such evidence, Cloward suggests the attorneys are "actors" and all filings by defendants are "void."[8] In Cloward's Motion for Sanctions, he argues the deposition transcript provided as evidence in Defendant's Motion for an Order to Show Cause is fraudulent and this fraud warrants sanctions.[9] He seeks to have Defendant Naylor's attorneys removed from the case, their Motion for an Order to Show Cause struck from the filings, damages ordered for Cloward's required attendance at his deposition, and default entered against Defendants.[10]

Because Cloward proceeds pro se, his filings are "to be liberally construed."[11] However, Cloward still must supply adequate support for his positions. He fails to do so. He does not point to case law to support his legal positions, nor does he provide evidence of any portion of

---

[4] Dkt. 1, *Civil Rights Complaint*.

[5] Dkt 208, *Order*.

[6] Dkt. 211. This order is not taken up here, as the court recently granted Cloward a thirty-day extension. *See* Dkt. 222, *Order Granting Plaintiff's Motion for Extension of Time*.

[7] Dkt. 214 at 1.

[8] *Id.* at 2.

[9] Dkt. 216 at 1.

[10] *Id.* at 4–5.

[11] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted).

the deposition transcript that is false or fraudulent.[12] This court will not order either a Motion to Show Cause or sanctions on the frivolous bases proffered by Cloward.

For the reasons stated herein, the court DENIES Plaintiff's Motions.[13]

SO ORDERED this 1st day of November, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[12] *See generally* Dkts. 214, 216.

[13] Dkts. 214, 216.