## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ADAM CLOWARD, <br><br>      Plaintiff, <br><br> v. <br><br> AYMEE RACE, JOLAYNE (JODIE) SAMPSON, D. THORNTON, individually and in their official capacities as Unified Police Department employees; ROBERT NAYLOR, individually and in his official capacity as a Salt Lake County Animal Services employee; UNIFIED POLICE DEPARTMENT and SALT LAKE COUNTY ANIMAL SERVICES, political subdivisions of the State of Utah; and DOES 1–20, whose identities are currently unknown, <br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING CASE** <br><br> 2:20-cv-00165-RJS-DBP <br><br> Chief District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

     The court dismisses this case for three reasons: (1) Cloward's failure to respond to the Court's Order to Show Cause;[1] (2) Cloward's failure to prosecute his claim; and (3) Cloward's failure to establish a legal and factual basis for the court's jurisdiction.  For these reasons, the case is DISMISSED with prejudice.

### BACKGROUND

     Cloward filed this case over three years ago, alleging numerous constitutional and civil rights violations by Naylor and others that caused damage to his physical and mental health.[2]  Although Cloward was represented by counsel earlier in this litigation,[3] he has proceeded pro se

---

[1] Dkt. 240, *Order to Show Cause*.

[2] *See* Dkt. 1, *Civil Rights Complaint*.

[3] *See* Dkt. 22, *Notice of Appearance by Peter D. Goodall*; Dkt. 25, *Notice of Appearance by Joseph H. Jardine*; Dkt. 52, *Notice of Appearance by Ronald Ball, Jr.*

since March 2022.[4]  After a protracted pre-discovery stage with multiple rounds of motions to

dismiss and amended complaints,[5] the case reached the discovery stage.  There, it stagnated due

to Cloward's unwillingness to fulfill his discovery obligations.[6]

Cloward failed to attend his first scheduled deposition on April 26, 2023.[7]  Naylor filed a

Motion for an Order to Compel,[8] and the court ordered Cloward to attend a deposition sometime

during the week of June 5–9, 2023, warning that "[f]urther violations of Cloward's discovery

obligations will not be tolerated."[9]  Cloward then filed a document, which the court construed as

a Motion for Reconsideration[10] and denied on June 29, 2023.[11]  The court once again warned

Cloward his "resistance to the most basic discovery obligations threatens costly—even

dispositive—sanctions against him" and ordered him to attend a deposition during the week of

July 17–21, 2023.[12]

Nevertheless, Cloward attempted to evade his deposition for a third time by filing a

Motion for a Protective Order.[13]  On July 20, 2023, the court ordered Cloward to attend his

deposition and to bring all documents Defendants requested, warning:

---

[4] *See* Dkt. 82, *Notice of Pro Se Appearance.*

[5] *See, e.g.*, Dkt. 8, *First Amended Complaint*; Dkt. 20, *Salt Lake County's [First] Motion to Dismiss*; Dkt. 23, *Second Amended Complaint*; Dkt. 31, *Salt Lake County's [Second] Motion to Dismiss*; Dkt. 35, *Naylor's [First] Motion to Dismiss*; Dkt. 102, *Third Amended Complaint*; Dkt. 104, *Naylor's [Second] Motion to Dismiss*; Dkt. 118, *Salt Lake County's [Third] Motion to Dismiss.*

[6] *See* Dkt. 208, *Order* at 1–3 (detailing Cloward's reluctance to engage in discovery).

[7] *See* Dkt. 174, *Motion to Compel Deposition of Plaintiff Adam Cloward* at 2.

[8] *Id.*

[9] Dkt. 183, *Memorandum Decision and Order Granting Motion to Compel* at 2, 3.

[10] *See* Dkt. 189, *First Amended Objection to Memorandum Decision and Order Granting Motion to Compel and Motion Demand for Protective Order.*

[11] Dkt. 203, *Memorandum Decision and Order* at 1.

[12] *Id.* at 10–11.

[13] Dkt. 205, *Motion for a Hearing and Motion for Protective Order.*

> Any attempts by Cloward to frustrate, postpone, continue, reschedule, reconsider, or otherwise obstruct this deposition may result in sanctions, including reimbursing Defendants for the costs and fees associated with the deposition, and dismissal of his claims with prejudice.  Similarly, any failure to participate in the deposition in good faith or otherwise comply with the court's Orders may result in severe sanctions.[14]

Cloward attended his deposition on July 21, 2023, but he did not bring any of the medical documents requested by Defendants.[15]  At his deposition, Cloward stated he believed the medical records sought had previously been provided by his former lawyer,[16] even though the parties had a phone call on July 7, 2023, in which Defendants' attorneys detailed the specific records they had received and those they were still waiting to receive.[17]  He continued to assert that his VA records are private and irrelevant,[18] despite the fact this court already ruled they are discoverable.[19]  Further, he was evasive in answering even basic questions, such as providing his home address.[20]

The deposition excerpts included explanations of Cloward's purported efforts to obtain medical records.[21]  He stated he was unable to get medical records from either Capstone

---

[14] Dkt. 208 at 5.

[15] Dkt. 211 at 3.

[16] *See* Dkt. 231-1, *Errata: Correction of Exhibit A* at 13 ("Wow, that's all [Ball, my formal counsel,] provided? . . . Well, I sent him more than that."); *id.* at 14–15 ("I believe that I had provided you a lot more than that . . . [b]ecause I sent more than that to Ron Ball.").

[17] Dkt. 211 at 6.

[18] Dkt. 231-1 at 31 ("[W]hen it comes to the VA stuff, like I say, I objected to the relevancy and on Fourth Amendment grounds and I've been begging this judge for a hearing on my medical privacy.").

[19] Dkt 208 at 4–5 ("By bringing claims that place his mental and physical health at issue, he has made his medical records and other documents sought by Defendants discoverable under those Rules.").

[20] *See* Dkt. 231-1 at 1 (claiming he did not remember what address he resided at last night, the night before, or most frequently within the last month).  The court previously instructed Cloward that he "is permitted to lodge non-frivolous objections . . . [but] he will still be required to answer questions after lodging the objections in accordance with Rule 30(c)(2)."  Dkt. 203 at 11.

[21] Cloward has not provide any evidence in his filings to show his efforts to obtain the necessary records, such as call logs or emails.

Counseling or New Earth Counseling because he could not get anyone on the phone,[22] and he was waiting for records from the VA Hospital.[23]  He did not provide records from Peterson Chiropractic because he did not believe they were relevant to the case.[24]

Following the deposition, Cloward produced only "selected VA medical records," "often redacted with a black marker," which "largely do not relate to Cloward's claimed injuries."[25] "To date . . . Cloward has not provided a written response to any interrogatory in Defendants' Second Requests, and only provided selective records from one of many mental health or health care providers."[26]

In response to Cloward's continued reticence to fulfill his discovery obligations, Naylor moved for an Order to Show Cause.[27]  Due to some confusion regarding Cloward's filings, Naylor filed his initial Reply[28] before the court granted Cloward an extension to respond by November 30, 2023.[29]  Following the extension, Cloward filed several more documents with the court.[30]  Though the documents did not directly respond to the Motion and instead advanced

---

[22] Dkt. 231-1 at 10–11 ("I have not provided you Capstone Counseling, but the reason why is because I couldn't get ahold of them and I think that business might be closed.  I don't know if it's even still open and I had called them several times and they don't – I believe the phone probably went to – I recall it either went to a message saying it's no longer in service or, or I just was completely unable to get in touch with them."); *id.* at 17 ("I have called that, the number that I believe is the number for – her name's Kathy, and I don't know that New Earth Counseling is still around.  I have called that number multiple times and received – no one answered, and I've been unable to get ahold of Kathy.  I've made multiple efforts to try to get ahold of Kathy.").

[23] *Id.* at 24–25.

[24] *Id.* at 25–27 (describing why he concluded these records were irrelevant).

[25] Dkt. 211 at 9; *see also* Dkt. 231-1 at 14 ("[T]hat is a stack that you identified as HIPAA Protected Documents that you sent to me on July 19th at 3:00 p.m.  So between [one 3/16/2017 medical report from Changes Counseling] and [one 3/23/2017 medical report from New Earth Counseling], I'm going to represent to you that's the only medical records that you have provided to us based on our request.").

[26] Dkt. 211 at 9.  This statement appears to be accurate still, nearly six months later.

[27] *Id.*

[28] Dkt. 217, *Reply to Response to Motion for Order to Show Cause*.

[29] Dkt. 222, *Order Granting Plaintiff's Motion for Extension of Time* at 1.

[30] *See* Dkt. 223, *Motion for Subpoena Duces Tecum*; Dkt. 225, *Memorandum in Support re Motion for Subpoena Duces Tecum*; Dkt. 226, *Motion for Reconsideration re Memorandum Decision and Order*; Dkt. 228, *Denial of*

sovereign citizen theories, the court liberally construed the filings as containing Cloward's counterargument.[31]  Naylor similarly interpreted Cloward's documents and filed a second Reply on December 13, 2023.[32]  On January 8, 2024, the court issued an Order to Show Cause and ordered Cloward to appear in person at a hearing on March 14, 2024 at 1:30 pm.[33]  The Order identified Cloward's three main counterarguments.[34]  First, Cloward claimed the court does not have jurisdiction over him and does not have the right to impose the Federal Rules of Civil Procedure upon him.[35]  Second, he claimed Naylor's attorneys do not have Article III standing.[36]  Third, he claimed that Naylor relied on a fraudulent or fraudulently certified transcript in his Motion.[37]  The court laid out the relevant law responding to each of these assertions, and provided specific questions Cloward should be prepared to address at the March 14 hearing.[38]

On March 5, 2024, Cloward filed a "Sovereign Order."[39]  In it, he demanded the undersigned "show cause" for his jurisdiction over the case, reiterated that this "inferior court" does not have personal or subject matter jurisdiction, and demanded both default and summary

---

*Jurisdiction*; Dkt. 229, *Corrected Denial of Jurisdiction*; Dkt. 230, *Objection to All Attorneys' Filings, Denial of Attorneys' Standing, and Motion for Default Judgment*.

[31] Cloward likely did not file a direct response because he "object[ed] as false and[] 'premature'[] any presumption[] that [he] is required to respond [to Naylor's Motion]."  Dkt. 225 at 10; *see also* Dkt. 230 at 6 ("I deny and rebut as false, any presumption, affirmation, insinuation, or claim, that the plaintiff in this case, has any lawful obligation to answer or respond to filing #211, or any other pleading, filed by attorneys and persons with no standing and, no proof of lawful standing in this Case, or in this 'Court of Record.'").

[32] Dkt. 233, *Supplemental Reply*.

[33] Dkt. 240.

[34] *Id.* at 7.

[35] *Id.* at 7–9.

[36] *Id.* at 9–10.

[37] *Id.* at 10–12.

[38] *Id.* at 12–13.

[39] Dkt. 242, *Order to Show Cause Denial of Jurisdiction and Denial of Inferior Court Jurisdiction and Demand for Default Judgment and for Summary Judgment Against All Defendants*.  This document was initially filed as a motion, but was later modified based on the Clerk's Office's conversation with Cloward.  *See* Dkt. 245, *Modification of Docket 242*.

judgment against all Defendants.[40]  Cloward also suggested he would not appear for the Order to Show Cause hearing.[41]  The court issued a Docket Text Order stating "[t]he court will take up Cloward's ["Sovereign Order"] at the hearing on Thursday, March 14, 2024, along with the Order to Show Cause."[42]

On March 14, 2024, Cloward did not appear for the hearing.[43]  As a result, the court dismissed his case with prejudice for failure to respond to the Order to Show Cause, failure to prosecute his case, and failure to establish the factual and legal basis for the court's jurisdiction.[44]  The court explained a written order would follow—this is that written order.

## LEGAL STANDARD

Because Cloward proceeds pro se, his filings are held to less stringent standards than parties formally represented by lawyers and are "to be liberally construed."[45]  However, it is not

---

[40] *See, e.g.*, Dkt. 242 at 4 ("And, Cloward, being the Sovereign[] executor in this common law action[,] commands[] and orders Robert J. Shelby[] to '[s]how cause' in a court of record[] as to what 'specific' Constitutional authority and specific jurisdiction he has over Cloward[] and[] 'show cause'[] in a 'court of record' as to what 'specific jurisdiction' he claims to have over Cloward[] that gives him the 'substance of legal right'[] to proceed in equity, as he has been, without jurisdiction[] and[] without Cloward's consent."); *id.* at 55 ("Cloward[] denies and rebuts as 'false' any[] presumption, affirmation, insinuation, or claim[] that Robert J. Shelby or [a]ny 'inferior court' has subject mater [sic] jurisdiction pursuant to this 'common law action' against Defendant trespassers."); *id.* at 7 ("Cloward[] demands default judgment against defendants for failure to appear . . . ."); *id.* at 17 ("Cloward[] hereby demands summary judgment against defendant trespassers ab initio, in accordance with the 'undisputed facts' established in his 'unrebutted affidavits' on record in this case . . . .").

[41] *See id.* at 34 ("[I]f Cloward should ever appear in Robert J. Shelby's 'inferior court', it is against his will, without his consent, and under duress and, shall be by 'A Special Appearance', to challenge inferior and, NISI PRIOUS inferior court jurisdiction."); *see also* Dkt. 246, *Cloward's Email to William Garbina* at 2 ("Any further attempts to coerce Cloward to appear in Robert Shelby's inferior court acting under Color of law, without proof of jurisdiction, ESTABLISHED BEYOND A REASONABLE DOUBT on and for the record, IN A COURT OF RECORD, is presumed to be attempted kidnapping and conspiracy against Cloward's rights.").

[42] Dkt. 244, *Docket Text Order*.

[43] Dkt. 247, *Minute Entry*.  The court purposefully did not begin proceedings until 18 minutes after the scheduled start time of 1:30 p.m. to provide Cloward with additional time to appear.

[44] *Id.*

[45] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

"the proper function of the district court to assume the role of advocate for the pro se litigant" or to salvage his claims.[46]

## I.   Cloward's Failure to Respond to the Order to Show Cause and Failure to Prosecute His Case Warrant a Sanction of Dismissal with Prejudice.

Federal courts have broad discretion to exercise their inherent powers to sanction a full range of litigation misconduct that abuses the judicial process.[47]  Although "our legal system strongly prefers to decide cases on their merits,"[48] a "court may exercise its inherent powers to sanction bad-faith conduct that abuses the judicial process."[49]  These powers are "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[50]

Relevant here, the court may dismiss the action with prejudice for failure to follow the court's discovery orders[51] or for failure to "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."[52]

---

[46] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[47] *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011) ("We have said that district courts enjoy 'very broad discretion to use sanctions where necessary to ensure that lawyers and parties fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.'") (quoting *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984)); *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 765 (10th Cir. 1997) (stating that federal courts have the inherent power "to sanction conduct that abuses the judicial process"); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, (1991) ("Courts of justice are universally acknowledged to be vested, by their creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."); *id.* at 46 (noting that "the inherent power extends to a full range of litigation abuses").

[48] *Lee*, 638 F.3d at 1321.

[49] *Xyngular v. Schenkel*, 890 F.3d 868, 873 (10th Cir. 2018) (citation omitted).

[50] *Chambers*, 501 U.S. at 43.

[51] *See* Fed. R. Civ. P. 37(b)(2)(A) (allowing a court to "issue further just orders," which "may include . . . dismissing the action or proceeding in whole or in part"); *Lee*, 638 F.3d at 1321 (10th Cir. 2011) (upholding district court's sanction of dismissal with prejudice for failure to follow discovery orders).

[52] Fed. R. Civ. P. 41(b).

Because dismissal is a harsh sanction, the court must exercise it with restraint.[53]  When determining whether to impose the sanction of dismissal for failure to prosecute a case or failure to respond to the court's Order to Show Cause, the Tenth Circuit has instructed district courts to consider five *Ehrenhaus* factors: "(1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective."[54]  The Tenth Circuit has particularly emphasized the third and fifth factors, instructing dismissal is appropriate only when: (a) the court finds, by clear and convincing evidence, some fault, willfulness, or bad faith by the sanctioned party,[55] and (b) a "lesser sanction would not serve the ends of justice."[56]  These factors are not a "rigid test;"[57] but are a "flexible framework," under which dismissal is appropriate when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."[58]

---

[53] *See Chambers*, 501 U.S. at 44 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) ("Because dismissal is such a harsh sanction, it is appropriate only in cases of willfulness, bad faith, or some fault of petitioner.") (citations and quotation marks omitted); *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) ("Dismissal is a severe sanction; therefore, it should be imposed only if a lesser sanction would not serve the ends of justice.") (citations and quotation marks omitted).

[54] *LaFleur*, 342 F.3d at 1151 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

[55] *See Xyngular*, 890 F.3d at 873–74 ("[Dismissal] is appropriate only in cases of willfulness, bad faith, or some fault [and] . . . a clear and convincing standard applies.") (citations omitted).

[56] *LaFleur*, 342 F.3d at 1151 (citations and quotation marks omitted).

[57] *Ehrenhaus*, 965 F.2d at 921.

[58] *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

*a. Defendants Have Suffered Actual Prejudice.*

"The more the misconduct prejudiced the opposing party, the more appropriate dismissal becomes as a sanction."[59]  Actual prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[60]

Defendants have been prejudiced by Cloward's failure to respond to the Order to Show Cause and failure to prosecute his case.  Since the action was brought almost four years ago in April 2020, Defendants have defended this lawsuit in good faith.  Defendants incurred increased expenses in their efforts to obtain necessary discovery from Cloward both with and without court assistance.[61]  Cloward has refused to produce his medical records, despite both Defendants' attempts and the court's orders.  Cloward has had more than adequate time and opportunity to respond or to inform the Court why he cannot.  He has done neither.

While not producing discovery, Cloward has continued to file frivolous motions, even when informed by the court they are unsupported by law.[62]  For example, Cloward has repeatedly asserted Defendants' attorneys must be dismissed.[63]  While his pro se status may excuse his initial misunderstanding of the law, Cloward persists in making these arguments even

---

[59] *King v. Fleming*, 899 F.3d 1140, 1151 (10th Cir. 2018).

[60] *See, e.g.*, *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) ("Plaintiffs have prejudiced [] Defendants by causing delay and mounting attorney's fees."); *Faircloth v. Hickenlooper*, 758 Fed. Appx. 659, 662 (10th Cir. 2018).

[61] *See, e.g.*, Dkt. 174; Dkt. 211 at 6, 9.

[62] *See, e.g.*, Dkt. 214, *Motion for Order to Show Cause*; Dkt. 216, *Notice and Demand for Sanctions*; Dkt. 224, *Memorandum Decision and Order* at 2–3 ("[Cloward] does not point to case law to support his legal positions, nor does he provide evidence of any portion of the deposition transcript that is false and fraudulent.  This court will not order either a Motion to Show Cause or sanctions on the frivolous bases proffered by Cloward.").

[63] *See* Dkt. 172, *Motion to Disqualify and Remove Defense Counsel*; Dkt. 225 at 5; Dkt. 226 at 7.

after the court has informed him they are unfounded.[64]  He has even filed a Motion for Default

Judgment based on this groundless theory.[65]  Defendants have been forced to prepare and file

briefs responding to these baseless theories, incurring additional costs.[66]

      *b.  Cloward's Conduct Interfered with the Judicial Process.*

In failing to comply with the Federal Rules and court orders, a party directly interferes

with the judicial process.[67]  "Greater degrees of obstruction help justify a dismissal sanction."[68]

Courts have found significant interference with the judicial process where parties and the court

are forced to devote valuable resources responding to a litigant's improper conduct.[69]

Cloward's failure to prosecute his case and comply with Court orders necessarily

interferes with judicial process.  Cloward has had numerous chances to fulfill his discovery

obligations.[70]  Cloward had the opportunity to be heard by the court and answer its Order to

Show Cause.[71]  He did neither.

---

[64] *Compare* Dkt. 184, *Ruling & Order* at 2–3 (explaining "federal law allows for representational advocacy" and the rules for lawyers serving as advocates); Dkt. 240 (explaining that Defendants' attorneys do not need to prove Article III standing because standing is a plaintiff's burden, not a defendant's) *with* Dkt. 242 ("It is presumed[] that Bar members filing papers in this case[] have[] not proven . . . they have standing in this case and[] have not proven that they have the substance of legal right to appear in this case.  Cloward denies that Bar members have the substance of legal right to appear in this case and denies that bar members have a license to practice law, and[] denies that Bar members have article III standing in this case.").

[65] Dkt. 230.

[66] *See, e.g.*, Dkt. 232, *Memorandum in Opposition to Motion for Default Judgment*; Dkt. 236, *Memorandum in Opposition to Motion for Default Judgment.*

[67] *See Whatcott v. City of Provo*, 231 F.R.D. 627, 631 (D. Utah 2006); *see also Valdez v. Salt Lake City Police Dep't.*, No. 2:13-cv-1135-RJS, 2015 WL 1731410, at *2 (D. Utah Apr. 14, 2015).

[68] *King*, 899 F.3d at 1151.

[69] *Id.* at 1152; *see also Jones*, 996 F.2d at 265 (sanction of dismissal appropriate where litigant "ignored court orders and thereby hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.").

[70] *See, e.g.*, Dkt. 183; Dkt. 189; Dkt. 203; Dkt. 240.

[71] *See, e.g.*, *Faircloth*, 758 Fed. Appx. at 662 (finding that the failure to answer the Order to Show Cause was significant interference with the judicial process).

By choosing to file his case in federal court, Cloward assumed an obligation to prosecute his case, which encompasses the paramount responsibilities of reciprocal discovery and candor.[72] His continuous disregard for both the court's orders and his obligations under the Federal Rules not only hinders the court's management of its docket but undermines its ability to ensure the integrity of the proceedings before it.

### c. *Cloward Bears Culpability.*

"Culpability exists where the litigant 'acted with willfulness, bad faith, and fault' and made calculated decisions for strategic use in litigation."[73]  "Bad faith, or culpability, may not mean evil intent, but may simply signify responsibility and control."[74]  "[A]ctual ill will is not required; substantial and prejudicial obduracy or conduct that delays or disrupts the litigation can be enough."[75]

Cloward alone is responsible for his failures.  Cloward has demonstrated his understanding of how to file responsive legal documents with the court.  However, he chooses to file numerous non-responsive documents based in groundless theories that do not progress his case.

Cloward is aware of his obligations to comply with the court's orders and the Federal Rules.  Despite his insistence that the Federal Rules do not apply to him, this court repeatedly

---

[72] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Zemaitiene v. Salt Lake Cnty.*, No. 2:17-cv-00007-DAK-JCB, 2021 WL 914063, at *5 (D. Utah Mar. 10, 2021) ("[Plaintiff] is reminded that she chose to initiate this case and, as such, has a duty to prosecute it.").

[73] *Emuveyan v. Ewing*, No. 2:19-cv-00616, 2021 WL 3617423, at *6 (D. Utah Aug. 16, 2021) (quoting *Xyngular*, 890 F.3d at 874).

[74] *In re New Canyonlands by Night, LLC*, 415 F. Supp. 3d 1020, 1025 (D. Utah 2019) (citation and quotation marks omitted).

[75] *Xyngular Corp. v. Schenkel*, 200 F. Supp. 3d 1273, 1301 (D. Utah 2016) (citation and quotation marks omitted); *see also id.* ("Conduct amounts to bad faith if it shows intentional or reckless disregard of the rules.") (citation and quotation marks omitted).

explained these obligations to him.[76]  Instead, he maintains the court has perpetrated fraud by proceeding in an "inferior court" and the Federal Rules do not apply to him.[77]  The court must conclude Cloward is willfully responsible for his disruptive conduct.

> ### d.   The Court Warned Cloward of the Possibility of Dismissal.

The court repeatedly warned Cloward failure to comply with his discovery obligations and with the court's orders could result in dismissal.[78]  The court also warned Cloward in the Order to Show Cause that his failure to appear would likely result in dismissal.[79]  His recent filings make it clear Cloward is aware of the possibility of dismissal as a sanction.[80]

> ### e.   The History of the Litigation Suggests Lesser Sanctions Would Not Be Effective.

The Tenth Circuit has recognized that, in cases where a party appears pro se, "the court should carefully assess whether it might be appropriate to impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation."[81]

However, Cloward's actions here cannot be characterized as a "technical violation."  The court furnished him with multiple opportunities to comply and to prosecute his case.  The court

---

[76] *See, e.g.*, Dkt. 240 ("By choosing to file in federal court, Cloward is bound by the Federal Rules of Civil Procedures and the Local Rules.").

[77] *See* Dkt. 242 at 12 ("[T]he idea that Cloward could be deprived of remedy or be sanctioned by 'government' or by actors of 'government' for invoking his sovereignty and his Sovereign superior standing and exemption[] to the void and repugnant federal rules of civil procedure[] or sanctioned in any way[] in response to the free exercise of his religion and[] the free exercise of his religious rights, the right to practice his religion,[] is presumed[] to be Treasonous[] and[] presumed[] to be a high crime and[] an act of treason against the Sovereign.").

[78] *See* Dkt. 183 at 3; Dkt. 203 at 10–11; Dkt. 208 at 5.

[79] *See* Dkt. 240 at 13 ("Should Cloward fail to appear at the hearing on March 14, 2024, this likely will result in the court dismissing his case with prejudice.").

[80] *See* Dkt. 242 at 21 ("Cloward denies that any inferior court or inferior court actor has jurisdiction or the substance of legal right to dismiss Cloward's complaint and common law action against Defendant trespassers.").

[81] *Ehrenhaus*, 965 F.2d at 920 n.3.

provided him with warnings so he would not be caught off guard by the imposition of dismissal as a sanction.[82]

Nonetheless, Cloward refuses to meaningfully engage with Defendants' Motions or the court's orders.  Instead, when Cloward engages with his case, it is often to file frivolous and non-responsive documents that do not advance the case.  He still has not provided a complete production to Defendants, nor responded to the court's Order to Show Cause.  And his recent filings make clear he does not intent to correct course.  Even when Cloward has obeyed court orders, he has attempted to subvert the process.  For example, though Cloward attended his disposition, his recent filings attempt to walk back that compliance.  He claims the deposition was false and fraudulent because he was never administered an oath prior to the deposition.[83]  However, he was the one who resisted taking an oath,[84] despite this court's warnings that "[a]ny attempts . . . to frustrate, postpone, continue, reschedule, reconsider, or otherwise obstruct this deposition may result in sanctions."[85]  In his most recent filings, Cloward claims the deposition was unlawful.[86]

The court must maintain the integrity of judicial proceedings.  Central to this is the ability to trust litigants to follow court orders.  "If parties could 'ignore court orders . . . without

---

[82] *See* Dkt. 183 at 3; Dkt. 203 at 10–11; Dkt. 208 at 5; Dkt. 240 at 13.

[83] *See, e.g.*, Dkt. 223 at 2; Dkt. 255 at 5; Dkt. 226 at 6; Dkt. 229 at 8.  As the court laid out in its Order to Show Cause, he was administered an oath because Cloward agreed to tell the truth.  *See* Dkt. 240 at 10–12 (discussing Federal Rule of Civil Procedure 43(b)).

[84] *See* Dkt. 233-1 at 2 ("I object to swearing an oath today.  If I swear an oath, it will be under duress and coercion, so I don't know how you want to handle that.").

[85] Dkt. 208 at 5.

[86] *See* Dkt. 242 ("Cloward . . . Objects to all the 'fruits' of Robert Shelby's unlawfully compelled deposition[] as[] Void 'Fruit of a poisonous tree'[] Inadmissible as a matter of law.").

suffering the consequences, then the district court cannot administer orderly justice, and the result would be chaos.'"[87]

Considered together, all five *Ehrenhaus* factors weigh in favor of dismissal.  This litigation has been dominated by Cloward's refusal to engage in discovery or to prosecute his case.  Court orders have proven insufficient to procure his compliance.  He insists on advancing sovereign citizen theories to the detriment of his case.[88]  "Dismissing a case with prejudice serves at least two purposes.  It penalizes the party whose conduct warrants the sanction and discourages those who might be tempted to such conduct in the absence of such a deterrent."[89]  Here, the court cannot reward Cloward's behavior or suggest this conduct is appropriate in the federal courts.  Dismissal with prejudice is an appropriate sanction.

## II.   Cloward's Failure to Establish the Court's Jurisdiction Also Requires the Court to Dismiss the Case.

Recently, Cloward has begun "den[ying] and rebut[ting] as false[] any presumption, affirmation, insinuation, or claim[] that Cloward is under the jurisdiction of this court."[90]  He additionally denied he is subject to "any of the 'rules' or the 'corporate charters' of any court, including but not limited to[] the 'United States District Court for the District of Utah[.]'"[91]  This

---

[87] *Philips Elecs. North Am. Corp. v. BC Technical*, 773 F. Supp. 2d 1149, 1213 (D. Utah 2011) (quoting *Ehrenhaus*, 965 F.2d at 921).

[88] The court understands Cloward objects to the label of sovereign citizen.  *See* Dkt. 246 ("Shelby also committed fraud by making false inferances [sic] that [C]loward has claimed to be a 'sovereign citizen.'  Smearing and stigmatizing Cloward on the internet falsely affiliating him with a fictitious group/ movement.  In his previous orders after Cloward had challenged inferior court jurisdiction.  Also a self-evident act of treason against the Sovereign.").  However, Cloward does espouse several of the hallmark arguments of the movement, including calling himself a sovereign and claiming sovereign immunity.  *See, e.g.*, Dkt. 230 at 5 (invoking sovereign immunity to the Federal Rules of Civil Procedure); *see generally* Michael Crowell, *A Quick Guide to Sovereign Citizens*, Admin. of Just. Bull., Nov. 2015.

[89] *King*, 899 F.3d at 1153 (quoting *Jones*, 996 F.2d at 266).

[90] Dkt. 230 at 4.

[91] *Id.*

included the Federal Rules of Civil Procedure, which he asserted are inapplicable to him because he has invoked "sovereign immunity."[92]

As explained by this court in its Order to Show Cause, "[f]ederal courts are courts of limited jurisdiction," with only the powers authorized to them by the Constitution and by statute.[93]  This court is instructed to presume cases lie outside its limited jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction."[94]  "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking."[95]

Cloward chose to file his case in federal court.  Therefore, as the plaintiff, it is his burden to establish that this court has jurisdiction over his case.  The court warned Cloward that if he did not establish jurisdiction, or if he maintained the United States District Court for the District of Utah does not have jurisdiction, the court must dismiss his case for lack of jurisdiction.[96]

In his most recent filing, Cloward clearly asserts that the court does not have jurisdiction, stating "Cloward denies that Robert J. Shelby or his (foreign) inferior court has personam or subject matter jurisdiction over Cloward."[97]  Because Cloward, as the plaintiff, has not established this court's jurisdiction over the case—and indeed, continually insists the court does not have jurisdiction—his case must be dismissed.

---

[92] *See id.* at 5 ("Wherefore, Cloward[] hereby invokes 'Sovereign Immunity'[] to the 'Federal rules of civil procedure[.]'").

[93] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[94] *Id.*

[95] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (emphasis in original) (quoting *Basso v. Utah Power & Light Co.*, 492 F.2d 906, 909 (10th Cir. 1974)).

[96] *See* Dkt. 240 at 8; Fed. R. Civ. P. 12(h)(3).

[97] Dkt. 242 at 4.

**CONCLUSION**

For the above reasons, the court hereby DISMISSES WITH PREJUDICE Cloward's

Third Amended Complaint.[98]  All remaining motions in this action are therefore DENIED AS

MOOT.  The Clerk of Court is directed to close the case.

SO ORDERED this 18th day of March 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[98] Dkt. 102.